[File No. Cr. 196]

THE STATE OF NORTH DAKOTA, Respondent, v. ELMER W. COWDREY, Appellant.

(17 NW(2d) 900)

Opinion filed March 9, 1945

*D. S. Ritchie,* for appellant.

*Wm. L. Paulson,* States Attorney, *John Sad* and *L. T. Sproul,* for respondent.

PER CURIAM. This is an appeal by the defendant from an order of the District Court of Barnes County revoking an order suspending a sentence of conviction for a misdemeanor. The defendant was charged in a criminal information filed against him in the District Court of Barnes County, with the crime of maintaining a common nuisance in violation of the provisions of § 10,145B15 of the 1925 Supplement as amended (ND Rev Code 1943, § 5–0122). On December 23, 1942 he entered a plea of guilty to the charge against him. The court thereupon rendered judgment of conviction, imposing a fine of $50.00 and costs, and further providing that the defendant be imprisoned in the county jail of Barnes County for a term of 90 days. The court ordered that the jail sentence be suspended during the good behavior of the defendant on payment of the fine and costs. The defendant remained at large pursuant to such order of suspension. In August, 1944 the state's attorney of Barnes County made application to the District Court for an order revoking the suspension of the sentence on the ground that the defendant had violated the terms and conditions of the suspension. Hearing was had before the District Court at which the defendant appeared in person and by counsel. A number of witnesses were sworn and testified, some in behalf of the state, others in behalf of the defendant. The defendant also was sworn and testified as a witness.

In the criminal information to which the defendant entered a plea of guilty he was charged with committing the crime of maintaining a common nuisance; that he did "willfully and unlawfully keep, maintain, establish and continue to use certain buildings, erections and cabins on Lots Ten (10) and Eleven (11) of the East Riverside Park Addition to the City of Valley City, County of Barnes and State of

North Dakota, and said buildings are more particularly described as a wooden frame building designated as a cafe and an oil station and fifteen (15) cabins, all located on the above said lots; and therein and thereon the said defendant did keep for sale, sell and keep with intent to sell intoxicating liquor, to-wit: beer and whiskey and other kinds of intoxicating liquor and did then and there at said time and place permit persons to resort to said premises and buildings for the purpose of drinking intoxicating liquor." It is further charged in the information that he sold intoxicating liquor to various persons in said place and did at the times mentioned permit persons to resort to said premises for the purpose of drinking intoxicating liquor, and that said persons did drink intoxicating liquor on said premises, all of said acts being contrary to law; and that the said defendant had no legal license or lawful authority to sell or give away intoxicating liquor and to permit persons to resort to said premises for the purpose of drinking intoxicating liquors.

The application to revoke the suspension of the sentence is based upon the proposition that the defendant between July 3, 1944 and August 15, 1944 used and permitted the premises described in the criminal information to be used for unlawful purposes; that at said times he sold intoxicating liquor to various persons in violation of law; that he permitted people to use the cabins for the purpose of drinking intoxicating liquor therein and for the commission therein of acts of immorality; that he permitted young men and minor girls to occupy the premises for such purposes, and that he operated and maintained a common nuisance upon said premises.

Upon the hearing to revoke the suspension of the sentence, the state adduced, among other evidence, the testimony of an employee of the defendant, a woman who worked in and about the place, and cleaned and kept the cabins in order. She testified that between July 1 and August 15, 1944 the defendant sold liquor and beer on the premises, as well as mixed drinks containing whiskey, which he mixed himself; that he rented and approved the renting of the cabins for occupancy by unmarried men and minor girls.

The Chief of Police of the city and one of the policemen testified that they had been called to the cabin camp in question by people re-

siding in the vicinity, who complained of the noise and the disturbance on the premises. They testified to the condition they found at such times and they produced and there was received in evidence certain bottles of liquor which they found and removed from the premises.

Affidavits were submitted by a number of girls, some of them minors, to the effect that they had registered at the cabins with men and occupied the same with such men at night on various occasions. The woman previously alluded to, who cleaned and cared for the cabins, named some of the girls, whose affidavits were submitted, as some of those who had stayed with men at the cabins, with the knowledge of the defendant.

The defendant contradicted practically all the testimony of the several witnesses who testified against him. Some of the witnesses called in his behalf also contradicted certain phases of the testimony of witnesses who testified in behalf of the state. No good purpose would be subserved by any extended recital of the testimony. At the conclusion of the hearing, the Trial Court summarized the evidence and then concluded: "I have followed the evidence, and I really think that the evidence is quite strong here to the end that not only there was a nuisance maintained and conducted over there but that there was so much liquor handled around—no matter who dispensed it and sold it—it came to Mr. Cowdrey's knowledge. And the immorality that was carried on there came to Mr. Cowdrey's knowledge. And he was the owner of the property there and for a time it was in charge of others, but in most instances he had a sort of supervision there to some extent. And at times he had complete control. But whether he was operating it or not, the owner of property cannot permit nuisances to be maintained on his own property or permit immorality to be carried on."

The Trial Court heard and saw the several witnesses. He observed their demeanor on the witness stand. The question of credibility of the witnesses was primarily one for the Trial Court. The hearing was had before the same judge who had suspended the sentence. Whether a sentence shall be suspended is wholly within the discretion of the judge who passes sentence (State v. Uttke, 60 ND 377, 234 NW 79), and his determination is not subject to review. It follows that such

judge, also, has a wide discretion in the determination of an application that the order of suspension be revoked because the defendant's conduct has been bad.

The sentence was suspended during the good behavior of the defendant. The Trial Court found that the defendant had violated the condition on which the suspension was made. This is in accord with the evidence adduced by the state. Upon the record submitted on this appeal, it cannot be said that the Trial Court was in error in reaching the conclusion which it reached.

The court had authority (Laws 1931, chap 131; ND Rev Code 1943, § 12–5301) to revoke the suspension of a sentence for the crime of which the defendant was convicted.

The court had authority to revoke the suspension of the sentence. Section 10,145B15 1925 Supp, ND Rev Code 1943, § 5–0122; 1925 Supp, § 10,145B24, ND Rev Code 1943, § 5–0120; Comp Laws 1913, § 9744, ND Rev Code 1943, § 42–0115. The order appealed from is affirmed.

CHRISTIANSON, Ch. J., and MORRIS, BURKE, NUESSLE, and BURR, JJ., concur.