STATE of North Dakota, Plaintiff and Appellee,

v.

Leonard LESMEISTER, Defendant and Appellant.

Crim. No. 704–A.

Supreme Court of North Dakota.

June 20, 1980.

Albert J. Hardy, State's Atty., Dickinson, for plaintiff and appellee; argued by Michael J. Maus, Asst. State's Atty.

Murtha & Murtha, Dickinson, for defendant and appellant; argued by Thomas F. Murtha, Dickinson.

PEDERSON, Justice.

Lesmeister entered a plea of guilty to a charge of theft of services (§ 12.1–23–03, NDCC) on May 30, 1978. He was sentenced to one year in county jail and assessed costs of $291.00. The court suspended 335 days of the jail term on condition, inter alia, that Lesmeister (1) "enter and complete satisfactorily an alcohol rehabilitation program," and (2) "make payment of costs at $50.00 per month beginning one (1) month after completion of this treatment."

On November 2, 1978, the trial court issued an order to show cause why the suspended sentence should not be revoked because Lesmeister "has failed to go to inpatient treatment at an approved facility and has failed to make $50.00 payments to the Court for Court costs."

At the hearing on the order to show cause held more than a year later, on November 14, 1979, Lesmeister's counsel referred to evidence in the possession of the court that Lesmeister had participated in an alcoholism program at Fort Meade Hospital (the record does not show when), and that the court costs of $291.00 had been paid on November 9, 1979. Although there are over 35 pages of testimony and discussion, no evidence on either of these subjects was introduced at the hearing on the order to

show cause. Much evidence and discussion related to other criminal offenses, attendance at Alcoholics Anonymous meetings, default of support payments ordered by the district court, and Lesmeister's employment. Most of these events occurred after the order to show cause had been issued on November 2, 197ᐤ

The court, at the conclusion of the hearing, revoked the suspension of the sentence and ordered that Lesmeister serve the 335 days remaining on the jail sentence. Lesmeister then appealed from the "Order Revoking Suspended Sentence, dated November 16, 1979, and from the Criminal Judgment and Committment entered in this action on the 7th day of July, 1979." (Counsel informs this court in appellant's brief that this last date was a scrivener's error and should have stated 7th day of July, 1978.) The appeal from the judgment of July 7, 1978, is dismissed as untimely and the order revoking the suspension of the jail sentence is affirmed.

We previously conditionally authorized release pending appeal, State v. Lesmeister, 288 N.W.2d 57 (N.D.1980). All of the conditions were not met but we were informed by the state's attorney's office that Lesmeister nevertheless remains released.

■ First we will consider whether Lesmeister may appeal on November 19, 1979, from a judgment of conviction entered on July 7, 1978. Rule 4(b), N.D.R.App.P., provides in part:

"In a criminal case the notice of appeal by a defendant shall be filed with the clerk of the trial court within 10 days after the entry of the judgment or order appealed from."

The docket entry, a copy of which has been certified to this court, shows that the judgment in this case was filed on July 7, 1978. The judgment itself, also certified to this court, was dated July 7, 1978, but there is nothing thereon which shows that it was filed or that notice of entry thereof was ever served upon Lesmeister. There are unsupported statements by counsel that the document was in the possession of the sheriff.

Rule 49(c), N.D.R.Crim.P., states in part that: "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted by Rule 37(b) of these Rules and Rule 4(b) of the N.D.R. App.P."

Lesmeister has provided no justification for concluding that there is any exception applicable to his appeal to be found in either Rule 37(b) of the N.D.R.Crim.P., or Rule 4(b) of the N.D.R.App.P. Neither our North Dakota rules, nor the federal rules from which they were derived, have been construed to require proof that a service of notice of entry of judgment has been made upon the defendant personally in order to commence the running of the time for appeal in a criminal case. See, for example, City of Minot v. Lundt, 268 N.W.2d 482 (N.D.1978), where we dismissed an appeal because of untimeliness, even though there was no proof of service of notice upon the defendant. See also 3 Wright, Federal Practice and Procedure, Criminal, § 823 (Rule 49), wherein it is stated that: "It was clearly the intention of the Advisory Committee that drafted the original rules that no consequence should attach to the failure of the clerk to give the required notice." See also 9 Moore's Federal Practice, Rule 4, Federal Rules of Appellate Procedure, ¶ 204.03 and ¶ 204.16.

During oral argument, counsel expressed the desire that this case be not treated as an application for post-conviction relief under the provisions of Chapter 29–32, NDCC. Lesmeister made no attempt to withdraw his plea of guilty. The sentence imposed on July 7, 1978, was not objected to when it was entered and it is not argued now that that sentence exceeded limitations imposed by statute.

Rule 32, N.D.R.Crim.P., defines the limitations of the sentencing process. In State v. Smith, 238 N.W.2d 662, 664 (N.D.1976), at syllabus 10, we said that only where there is a showing that the trial judge substantially relied upon impermissible factors in deter-

mining severity of the sentence will we set it aside. Consideration of pending criminal charges is one of such impermissible factors. As far as we can determine from the record in this case, the trial judge relied upon factors permitted under Rule 32 and the statute. For matters involving the setting aside of a guilty plea, see *State v. Gustafson*, 278 N.W.2d 358, 363 (N.D.1979). Statutes governing the sentencing in this case are: § 12.1–23–03, NDCC, defining theft of services; § 12.1–23–05(3), making theft of services in this case a Class A misdemeanor; § 12.1–32–01(4), authorizing sentences up to one year imprisonment for a Class A misdemeanor; § 12.1–32–02, prescribing sentencing alternatives and authorizing the suspension of sentence; and § 12.1–32–04, listing factors that may be considered in sentencing. See also *Waltman v. Austin*, 142 N.W.2d 517 (N.D.1966).

The appeal from the judgment and sentence of July 7, 1978, is dismissed because it was not taken within 10 days of entry thereof as required by Rule 4(b), N.D.R. App.P.

We now reach the appeal from the order revoking the suspension of the sentence. Section 12–53–01, NDCC, provides in part:

> "When a defendant has pleaded or has been found guilty of a crime for which the court or magistrate may sentence him either to the penitentiary or to the county jail, the court or magistrate may suspend the execution of the sentence imposed, . . . ."

Proceedings to revoke the suspension of a sentence are governed by Rule 32, N.D.R. Crim.P. See *State v. Hass*, 264 N.W.2d 464, 467 (N.D.1978). Under the provisions of Rule 32(f), a hearing is required and:

> "If the violation is contested, the prosecution must establish the violation by a preponderance of the evidence. Upon the hearing, the court, subject to limitations imposed by law, may revoke an order suspending a sentence or an order suspending the imposition of sentence, or continue probation on the same or different conditions, as the circumstances warrant.

> A record of the proceedings shall be made in such manner that it can be transcribed as needed."

As we said previously in *State v. Lesmeister, supra*, 288 N.W.2d at 60, referring to § 29–28–06(5), NDCC: "An order revoking a suspended sentence is thus appealable." The proceedings under Rule 32, when there is an effort to revoke a suspension, are not considered a "criminal prosecution." See *John v. State*, 160 N.W.2d 37 (N.D.1968), and the recent South Dakota case of *State v. Burkman*, 281 N.W.2d 442 (S.D.1979).

■ A revocation of a suspension must be supported by a preponderance of the evidence and is reviewable under a standard of abuse of discretion. See Rule 32(f), N.D.R.Crim.P., and *McGuire v. Warden of State Farm, Etc.*, 229 N.W.2d 211 (N.D. 1975). See also *State v. Cowdrey*, 73 N.D. 630, 17 N.W.2d 900 (1945), and *State v. Cowdrey*, 73 N.D. 635, 17 N.W.2d 902 (1945).

■ All of the evidence in the record before us on the subject of compliance with the terms of the suspension of the jail sentence supports the decision to revoke the suspension. The preponderance-of-evidence test has been met. No abuse of discretion has been shown. We accordingly affirm the order revoking the suspension.

Because defense counsel encountered a great deal of difficulty with the record, as we have, it is important that we add some pertinent comments. The clerks of the trial courts of this state, with the cooperation of the state court administrator, have recently adopted a clerk of court manual. It contains much useful information that, when applied, will prevent the certifying of questionable court records such as occurred here. The manual cites applicable statutes and rules. The significance of properly noting on each document the pertinent filing information, and the need to absolutely prohibit anyone from altering or attempting to alter a filed document, is of the greatest priority among the tasks of the clerk of court, as well as the attorneys of this state.

Recently Justice Sand, commenting on the importance of the record below when a

case is presented to this court, wrote for a unanimous court:

"It is not enough to merely mention the basic essential facts in oral argument or in the brief.

. . . . .

"We wish to impress upon the North Dakota legal profession the dire necessity of presenting a full and complete record of the material relevant facts to this Court in support of the issues presented." *State v. Engel*, 284 N.W.2d 303, 305 (N.D. 1979).

In 21 C.J.S. Courts §§ 225–237, we find articulated the vital reasons for exactness, truth and care in court record keeping. See also 20 Am.Jur.2d, Courts §§ 51–63. Upon remand, we suggest reexamination of the record in this case by the trial court, the clerk, and counsel for the parties.

■ It appears that additional proceedings are warranted as a result of the state's attorney's suggestion that Lesmeister has not made any appropriate effort to be credited with the time he spent at Fort Meade. He may be entitled to credit for that treatment under § 12.1–32–02(1)(g), NDCC. Because the facts are not before us, we do not decide that question. Only that part of a sentence that exceeds that which is authorized by law is void. See *Waltman v. Austin, supra.*

The appeal from the judgment is dismissed. The order revoking the suspension of jail sentence is affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.