**STATE of North Dakota, Plaintiff and Appellee,**

v.

**John NEIGUM, Defendant and Appellant.**

**Cr. No. 1072.**

Supreme Court of North Dakota.

June 10, 1985.

Neigum was charged with two class B felony counts of delivery of a controlled substance. At his arraignment on May 31, 1984, Neigum entered a plea of guilty to one of the counts. Pursuant to the plea agreement, the other count was dismissed and Neigum was sentenced to a term of one year at the State Farm. Neigum was permitted to serve the sentence at the Ward County Jail, where he was granted work-release privileges. The sentence further ordered Neigum to pay $180 restitution for the "buy money" used in the drug transactions and that Neigum "shall pay costs of prosecution within 90 days" of May 31, 1984.

Neigum subsequently violated the terms of his work-release privileges and he was transferred to the State Farm on October 4, 1984, to complete his sentence. The State did not certify to the district court the number of hours involved in court-appointed counsel's representation of Neigum until November 1984. The court found that the amount of attorney fees and restitution was justified, and ordered the same assessed against the defendant "as part of the Criminal Judgment and Sentence." A "Certificate and Order Assessing Costs" was entered on November 15, 1984, from which Neigum appeals.

The State has filed a motion to dismiss Neigum's appeal. The State first asserts that the "Certificate and Order Assessing Costs" is not an appealable order under § 29-28-06(5), N.D.C.C., and because the time for appeal from the May 31, 1984, criminal judgment has long passed under Rule 4(b), N.D.R.App.P., Neigum's appeal must be dismissed.

John P. Van Grinsven, III, Asst. State's Atty., Minot, for plaintiff and appellee.

John Neigum, pro se.

MESCHKE, Justice.

John Neigum, acting pro se, appeals from a "Certificate and Order Assessing Costs" which ordered him to pay $1,460 in court-appointed attorney fees and expenses, and $180 in "Court ordered restitution Buy money."

This court was faced with a somewhat analogous situation in *State v. Chyle*, 297 N.W.2d 409 (N.D.1980). In *Chyle*, a criminal judgment and order deferring imposition of sentence was filed on February 29, 1980. An amended criminal judgment and order deferring imposition of sentence, which added a provision relating to restitution, was filed on March 5, 1980. On March 14, 1980, the defendant filed a notice

of appeal from the judgment entered on March 5. The State moved to dismiss the appeal, asserting that the defendant had failed, under Rule 4(b), N.D.R.App.P., to give notice of appeal within 10 days of entry of the original criminal judgment on February 29, 1980. We denied the State's motion, stating:

"In light of the fact that the amended judgment in this case did not go to the essence of Chyle's conviction, it would appear that he may have been the beneficiary of several extra days in which to decide whether or not to file an appeal. However, to strictly interpret Rule 4(b), N.D.R.App.P., and its counterpart, Rule 37(b), N.D.R.Crim.P., as applying to an original judgment, rather than a final judgment, could have the effect of working an injustice on a potential appellant where the subsequent amended judgment proved particularly onerous or came at a time beyond 10 days after the original judgment had been filed. These possibilities, linked with the fact that Chyle specifically stated that he was appealing 'from the judgment of the above named Court entered on March 5, 1980, ...' lead us to deny the State's motion to dismiss the appeal." *Chyle, supra,* 297 N.W.2d at 411.

▆ The rationale in *Chyle* is equally applicable in this case. Although the original criminal judgment specified the $180 in restitution Neigum was ordered to pay, it did not specify the amount of attorney fees to be paid as "costs of prosecution." This amount was not assessed until almost six months after entry of the original criminal judgment. As in *Chyle, supra,* to strictly interpret Rule 4(b) as applying to the original criminal judgment only, would work an injustice on a potential appellant where subsequently entered orders relating to the original criminal judgment "proved particularly onerous" and "came at a time beyond 10 days after the original judgment had been filed." The "Certificate and Order Assessing Costs" in this case constituted

an appealable order and its filing and entry commenced the 10-day appeal limit under Rule 4(b), N.D.R.App.P.

It is at this point that the similarities between the instant case and *Chyle* end. Rule 4(b), N.D.R.App.P., provides in pertinent part:

"*(b) Appeals in Criminal Cases.* In a criminal case the notice of appeal by a defendant shall be filed with the clerk of the trial court within 10 days after the entry of the judgment or order appealed from.... A judgment or order is entered within the meaning of this subdivision when it is entered in the criminal docket. Upon a showing of excusable neglect the trial court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision."

▆ The time limit imposed by Rule 4(b) within which a defendant must file a notice of appeal is mandatory and jurisdictional, and cannot be waived by this court. *State v. Lawson,* 321 N.W.2d 514 (N.D. 1982). Unless extended by the district court, upon a showing of excusable neglect, compliance with the 10-day limit is required. *State v. Metzner,* 244 N.W.2d 215 (N.D.1976). Substantial compliance with the provisions of Rule 4(b), insofar as the filing of a notice of appeal is concerned, is not sufficient to give this court jurisdiction over an appeal. *See State v. Lewis,* 300 N.W.2d 206 (N.D.1980). A defendant's pro se status does not relieve him of the requirement of strict compliance with procedural rules. *See Hennebry v. Hoy,* 343 N.W.2d 87 (N.D.1983).

▆ The record reflects that the "Certificate and Order Assessing Costs" was entered on November 15, 1984. Neigum states in his brief to this court that he received a copy of the order in the mail at the State Farm on November 16, 1984.[1]

---

1. In a document titled "Brief in Support of Notice of Appeal," which was filed with Neigum's

notice of appeal, he claims that he did not receive the order until the evening of November

Applying the computation of time provisions of Rule 26(a), N.D.R.App.P., Neigum had until the end of the day on November 26, 1984, in which to file his notice of appeal.[2] . Neigum's notice of appeal is dated November 27, 1984, and was filed with the district court on November 30, 1984. Neigum did not request the district court to extend the time for filing his notice of appeal, and he has not responded to the State's motion to dismiss the appeal in this court, or even claimed that excusable neglect exists. Because Neigum did not timely file his notice of appeal under Rule 4(b), N.D.R.App.P., we are without jurisdiction to consider the appeal, and the State's motion to dismiss is therefore granted.

■ The State asserts that Neigum's appeal is frivolous and requests costs and attorney fees under Rules 38 and 39(h), N.D.R.App.P. We are not convinced that Neigum's appeal was brought in bad faith or is frivolous so as to justify an award of costs or attorney fees. *See State v. Flohr*, 259 N.W.2d 293 (N.D.1977).

The appeal is dismissed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.

---

19, 1984. In any event, Rule 4(b), N.D.R.App.P., does not require proof that a service of notice of entry of judgment has been made upon the defendant personally in order to commence the running of the time for appeal in a criminal case. *See* Rule 49(c), N.D.R.Crim.P.; *State v. Lesmeister*, 293 N.W.2d 875 (N.D.1980).

There is no need in this case to address the problem that might arise where a criminal defendant has no knowledge or notice of a decision, judgment or order.

2. Because the date that service of notice of entry of judgment was made upon a defendant does not commence the running of the time for appeal in a criminal case [*see Lesmeister, supra*], Rule 26(c), N.D.R.App.P., is inapplicable in the instant case. *Cf. Quirk v. Swanson*, 368 N.W.2d 557 (N.D.1985) [civil context].

However, even if we were to apply Rule 26(c) in this case, Neigum's appeal would nevertheless be untimely by two days.