**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Stella FRANCK, aka John Doe 632, Defendant and Appellant.**

Cr. No. 920159.

Supreme Court of North Dakota.

Jan. 22, 1993.

Constance L. Cleveland (argued), Assistant State's Atty., Fargo, for plaintiff and appellee.

Peter B. Crary, argued on behalf of counsel of record, Richard D. Varriano, Moorhead, MN, for defendant and appellant.

MESCHKE, Justice.

We remand an appeal of a criminal conviction to the trial court to determine whether there was excusable neglect for a late-filed notice of appeal.

Stella Franck was one of 41 people arrested at the abortion clinic in Fargo on November 21, 1991. She was charged with violating NDCC 12.1–10–05 by disobeying a recent injunction that restrained obstruction of the clinic. The court order prohibited going within 100 feet of the clinic, "except that two people may quietly and peacefully picket such facility, so long as said people do not interfere with the operations ... or individuals seeking to enter or leave" it. Franck was convicted by a jury on April 16, 1992, and imposition of her sentence was deferred for six months with unsupervised probation conditioned upon no further violations of law.

Franck timely moved for a new trial, alleging that the evidence was insufficient and that the verdict was against the weight of the evidence. On May 8, the trial court denied a new trial.

On May 18, 1992, Franck's attorney signed a notice of appeal, but did not file it in the office of the Clerk of County Court until May 19. This notice of appeal was filed too late to give us jurisdiction to review the conviction.

Appellate jurisdiction in a criminal case is controlled by NDRAppP 4(b):

*Appeals in criminal cases.* (1) In a criminal case the notice of appeal by a defendant must be filed with the clerk of the trial court within ten days after the entry of the judgment or order appealed from. If a timely motion in arrest of judgment or for a new trial on any ground other than newly discovered evidence has been made, an appeal from a

judgment of conviction may be taken within ten days after the entry of an order denying the motion. A motion for a new trial based on the ground of newly discovered evidence will similarly extend the time for appeal from a judgment of conviction if the motion is made before or within ten days after entry of the judgment.

(2) If an appeal by the state is authorized by statute, the notice of appeal must be filed with the clerk of the trial court within thirty days after the entry of the judgment or order appealed from.

(3) A judgment or order is entered within the meaning of this subdivision when it is entered in the criminal docket. A notice of appeal filed after the announcement of a decision, sentence, or order but before entry of the judgment or order must be treated as filed after the entry and on the day thereof. Upon a showing of excusable neglect the trial court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this subdivision.

The identical rule is repeated at NDRCrimP 37(b). Jurisdiction depends on a timely filed notice of appeal.

If the notice of appeal is not filed with the clerk of the trial court within ten days from the date of the entry of the judgment or order appealed from, we do not have jurisdiction. *State v. Neigum*, 369 N.W.2d 375 (N.D.1985). Here, a motion for new trial was timely filed within ten days of the judgment of conviction. In that event, NDRAppP 4(b)(1) allows an appeal "within ten days after the entry of an order denying the motion." Franck's notice of appeal was not filed until the eleventh day after entry of the order denying her motion. Therefore, we do not have jurisdiction of this appeal.

Still, there is a safety valve. NDRAppP 4(b)(3) says:

Upon a showing of excusable neglect the trial court may, before or after the time has expired, with or without motion and

notice, extend the time for filing a notice of appeal for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this subdivision.

After oral argument, Franck submitted a Motion for Extension to File Notice of Appeal and Brief to the Clerk of the Supreme Court. This motion is submitted to the wrong court. We remand this motion to the trial court to determine whether there was excusable neglect in the failure of Franck's counsel to timely file the notice of appeal. *See State v. Latendresse*, 450 N.W.2d 781 (N.D.1990). If the trial court so determines, we direct that the record be expeditiously returned to this court to consider the merits of Franck's appeal.

VANDE WALLE, C.J., and LEVINE, NEUMANN and SANDSTROM, JJ., concur.