STATE of North Dakota, Plaintiff and Appellee,

v.

Dallas GUTHMILLER, Defendant and Appellant.

Cr. No. 920314.

Supreme Court of North Dakota.

March 11, 1993.

Robert A. Freed (argued), Asst. State's Atty., Jamestown, for plaintiff and appellee.

James A. Sanchez–Wentz (argued), Jamestown, for defendant and appellant.

MESCHKE, Justice.

We remand an appeal of a criminal conviction to the trial court to determine whether there was excusable neglect for a late-filed notice of appeal.

At 7:15 p.m. on April 25, 1992, Deputy Sheriff Sergeant Bradley Kapp received a call from the state radio operator ·saying that an anonymous informant had reported "a DUI driver." The tip gave the vehicle's description, license number, and direction. Kapp soon found the vehicle stopped at an interstate highway exit. After an investigation, Kapp arrested the vehicle's driver, Dallas Guthmiller, for violating NDCC 39–08–01 by driving while under the influence of intoxicating liquor. After a trial without a jury on October 9, 1992, the trial court convicted Guthmiller.

On October 19, 1992, Guthmiller's attorney signed a notice of appeal, but did not file it in the office of the Clerk of County Court until October 20. The notice of appeal was filed too late to give us jurisdiction to review the conviction.

 Because the notice of appeal was filed on the eleventh day after entry of judgment, we do not have jurisdiction of this appeal. *State v. Franck*, 495 N.W.2d 60 (N.D.1993). *See* NDRAppP 4(b)(3);[1] NDRCrimP 37(b). If the notice of appeal is not timely filed with the clerk of the trial court within ten days after the entry of the judgment or order appealed from in a criminal case, this court does not have jurisdiction. *Franck; State v. Neigum*, 369 N.W.2d 375, 377 (N.D.1985). *Compare State v. Lewis*, 300 N.W.2d 206 (N.D.1980) (holding notice filed with judge, rather than clerk, within time limit sufficient). The time limit for filing the notice of appeal is mandatory and jurisdictional, and it cannot be waived by the supreme court. *Neigum* at 377. In *Franck*, we recently remanded another criminal conviction to allow the trial court to determine whether excusable neglect extended the time for filing.

As in *Franck*, pursuant to the appellant's motion during oral argument, we remand to the trial court to determine whether there was excusable neglect to extend the time for filing the notice of appeal. If the trial court so determines, we direct that the record be promptly returned to this court to consider the merits of Guthmiller's appeal.

VANDE WALLE, C.J., and SANDSTROM, NEUMANN and LEVINE, JJ., concur.

---

1. The relevant parts of NDRAppP 4(b) say:
 *Appeals in criminal cases.* (1) In a criminal case the notice of appeal by a defendant must be filed with the clerk of the trial court within ten days after the entry of the judgment or order appealed from. . . .

 \* \* \* \* \* \*

 (3) A judgment or order is entered within the meaning of this subdivision when it is entered in the criminal docket. . . . Upon a showing of excusable neglect the trial court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this subdivision.