Alvin R. DeCOTEAU, Petitioner and Appellant,

v.

STATE of North Dakota, Respondent and Appellee.

Civ. Nos. 920280, 920316.

Supreme Court of North Dakota.

May 11, 1993.

Alvin R. DeCoteau (argued), pro se.

Paul A. Temanson (argued), Minot, for petitioner and appellant.

Timothy C. Wilhelm (argued), Asst. State's Atty., Minot, for respondent and appellee.

MESCHKE, Justice.

We remand an appeal of the denial of application for post-conviction relief to the trial court to determine whether there was

excusable neglect for a late-filed notice of appeal.

On April 12, 1989, Alvin DeCoteau pled guilty to charges of theft of property and aggravated assault, under a plea agreement. The trial court sentenced DeCoteau to two consecutive five-year terms.

Acting pro se, DeCoteau filed a writ of habeas corpus on September 30, 1989, arguing that his sentence violated the terms of the plea agreement for two five-year terms to be served concurrently. The trial court denied the writ. On December 27, 1989, again acting pro se, DeCoteau filed an application for post-conviction relief, opposed by the State. Without hearing, the trial court issued an order denying DeCoteau's application.

DeCoteau appealed, arguing that the trial court committed error by not informing him of his right to apply for court-appointed counsel to assist him in the post-conviction proceedings. In State v. DeCoteau, 464 N.W.2d 605, 606–07 (N.D.1990), we held that "failure of the clerk to notify DeCoteau that assistance of counsel may be available and to inform him of the procedure for obtaining counsel affected DeCoteau's statutory right to such information and constitutes reversible error."

On remand, the trial court appointed counsel for DeCoteau. Arguing denial of due process, ineffective assistance of counsel, and that his plea agreement had been breached, DeCoteau again applied to the trial court for post-conviction relief. On September 10, 1992, after an examination of the record without a hearing, the trial court denied the application. DeCoteau appeals.

Section 29–32.1–14 of the Uniform Post–Conviction Procedure Act says, "[a] final judgment entered under this chapter may be reviewed by the supreme court of this state upon appeal filed ... by the applicant within ten days ... after the entry of judgment." In this case, the trial court issued its memorandum opinion and judgment on September 10, 1992. However, again acting pro se, DeCoteau filed his notice of appeal in the office of the Clerk of the Supreme Court on September 22, 1992, and in the office of the Clerk of District Court on September 24, 1992. In either case, the notice was filed too late to give us jurisdiction of the appeal.

While the Uniform Post–Conviction Procedure Act contains no remedy for late filing, the Comment to section 14 of the Act says, "[t]his section contemplates that the ordinary processes of appellate review will be followed in post-conviction proceedings." Unif. Post–Conviction Procedure Act § 14, 11 U.L.A. 263 (1992). Therefore, we apply the North Dakota Rules of Appellate Procedure.

NDRAppP 4(b)(3) says:

Upon a showing of excusable neglect the trial court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this subdivision.

We have recently remanded other criminal cases to allow the trial court to determine whether excusable neglect allowed an extension of time to file a notice of appeal. State v. Franck, 495 N.W.2d 60 (N.D.1993); State v. Guthmiller, 497 N.W.2d 407 (N.D. 1993). See NDRCrimP 37(b). As we said in Guthmiller, "[t]he time limit for filing the notice of appeal is mandatory and jurisdictional, and it cannot be waived by the supreme court." 497 N.W.2d 407, 408; State v. Neigum, 369 N.W.2d 375, 377 (N.D.1985). Unless the trial court finds excusable neglect, we must dismiss this appeal for lack of jurisdiction.

We remand to the trial court to determine whether there was excusable neglect to extend the time for filing the notice of appeal. If so, we direct that the record be promptly returned to this court to consider the merits of DeCoteau's appeal.

VANDE WALLE, C.J., and LEVINE, NEUMANN and SANDSTROM, JJ., concur.