STATE of North Dakota, Plaintiff and Appellant,

v.

Richard Allen SIMEK, Defendant and Appellee.

Cr. No. 930025.

Supreme Court of North Dakota.

July 1, 1993.

James Hope, Asst. State's Atty., Dickinson, for plaintiff and appellant.

Ronald A. Reichert of Reichert, Buresh, Herauf & Ficek, Dickinson, for defendant and appellee.

SANDSTROM, Justice.

In this case we determine if a trial judge can grant a late motion for a new criminal trial.

The State of North Dakota appeals from an order granting a motion for new trial on the class B misdemeanor charge of driving while having a blood alcohol concentration of .10% or greater. We reverse because the trial court was without jurisdiction to grant the motion.

On October 5, 1991, Richard Allen Simek was arrested in Stark County and charged with violating N.D.C.C. § 39–08–01. The complaint charged that the defendant "operated a motor vehicle while under the influence of *drugs* or with a B.A.C. of .10 or greater." [Emphasis added.] At the beginning of the trial, on September 11, 1992, instead of the complaint, the judge read opening jury instructions that the defendant was charged with "driving while under the influence of *alcohol* or driving while having a blood alcohol of .10% or greater." [Emphasis added.] At the close of the State's case, the defendant moved to dismiss the first portion of the complaint because no evidence had been presented relating to drugs. The defendant also moved to dismiss the second portion of the complaint on grounds not relevant to this appeal. The trial court denied the motion to dismiss, but granted the State's motion to substitute "alcohol" for "drugs," consistent with the court's opening instructions. The jury returned a verdict of guilty to the alternative offense of driving while having a blood alcohol concentration of .10% or greater. The defendant was sentenced on that day, September 11, 1992.

On September 21, 1992, the defendant filed a motion for a new trial. The State resisted on the grounds that (1) the motion was not timely; (2) the amendment was permitted; and (3) if the amendment was error, it was harmless error. The motion for new trial was granted on January 13, 1993.

On appeal, the State contends the trial court erred in granting the motion for a new trial because (1) the motion was not timely and the trial court lacked jurisdiction to grant it; (2) the amendment to the complaint was proper because the defendant, by failing to object to the opening instructions, consented to trial on the driving under the influence of alcohol offense; (3) the amendment, even if improper, was harmless error; and (4) the trial court abused its discretion in granting a new trial.

■ Rule 33, N.D.R.Crim.P., governs motions for new trials. Rule 33(c) provides that motions on grounds other than newly discovered evidence "shall be made within seven days after verdict or finding of guilt or within such further time as the court may fix during the seven-day period."

Rule 45(a), N.D.R.Crim.P., relating to computation of time, provides: "When a period of time prescribed or allowed is *less than seven days*, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." [Emphasis added.] In this case, the Saturday and Sunday are included in the calculation. The defendant had until September 18 to file his motion for a new trial. His motion was three days late.

The explanatory note to Rule 33 N.D.R.Crim.P., states: "Under this Rule, the court has no power to order a new trial on its own motion, but may act only upon a timely motion made by the defendant."

■ The Rule 33 time limits are jurisdictional. *State v. Copeland,* 448 N.W.2d 611, 614 (N.D.1989). A court cannot consider an untimely motion for a new trial, nor can the court extend the time period except as specifically provided in the rule. *Copeland* at 614.

In interpreting the comparable Rule 33, Fed.R.Crim.P., the federal courts have reached the conclusion we reach here. A trial court cannot order a new trial on its own motion, *U.S. v. Brown,* 587 F.2d 187, 189 (5th Cir.1979). Timely filing of a motion for new trial is jurisdictional. *U.S. v. Brown,* 742 F.2d 363, 368 (7th Cir.1984); *U.S. v. Hazeem,* 679 F.2d 770, 774 (9th Cir.), *cert. denied,* 459 U.S. 848, 103 S.Ct. 106, 74 L.Ed.2d 95 (1982); *U.S. v. Fontanez,* 628 F.2d 687, 691 (1st Cir.1980), *cert. denied,* 450 U.S. 935, 101 S.Ct. 1401, 67 L.Ed.2d 371 (1981). *See* James C. Cissell, *Federal Criminal Trials* § 1301 et seq. (Michie, 3d ed. 1992).

Similarly, this Court held that a timely motion for new trial was jurisdictional under our former statutory provisions. *State v. Gibson*, 69 N.D. 70, 81–82, 284 N.W. 209, 214 (1939); *State v. McClelland*, 72 N.D. 665, 672, 10 N.W.2d 798, 800 (1943); *State v. Jager*, 91 N.W.2d 337, 339 (N.D.1958).

In a parallel situation, we have held that we lack jurisdiction to hear appeals that are untimely under Rule 4, N.D.R.App.P., and the time periods can only be extended as provided by the rule. *State v. Franck*, 495 N.W.2d 60 (N.D.1993); *State v. Guthmiller*, 497 N.W.2d 407 (N.D.1993); *DeCoteau v. State*, 499 N.W.2d 894 (N.D.1993).

The motion for a new trial was untimely, and the trial court lacked jurisdiction to grant it. It is unnecessary to consider the other issues raised by the State on appeal. The trial court's order granting the motion for a new trial is reversed.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.