**Patrick T. McMORROW, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

**Civ. No. 930337.**

Supreme Court of North Dakota.

May 19, 1994.

Mark A. Beauchene, Wold, Johnson, Feder, Brothers, Beauchene & Schimmelpfennig, Fargo, for petitioner and appellant.

Mark R. Boening, Asst. State's Atty., Fargo, for respondent and appellee.

SANDSTROM, Justice.

Patrick T. McMorrow appeals from a trial court judgment dismissing his application for post-conviction relief. Because McMorrow's notice of appeal was not timely filed, we remand to the trial court to determine, under Rule 4(a), N.D.R.App.P., whether there was excusable neglect for the late-filed notice of appeal.

I

In October 1992, Patrick T. McMorrow was convicted by a jury of gross sexual imposition in violation of N.D.C.C. § 12.1–20–03(1)(a). McMorrow appealed his conviction to this Court, which affirmed the conviction. *State v. McMorrow,* 503 N.W.2d 848 (N.D. 1993). In March 1993, McMorrow filed an application for post-conviction relief under N.D.C.C. ch. 29–32.1. McMorrow claims his conviction should be reversed because of lack of evidence, ineffective assistance of counsel, and prosecutorial misconduct. Following an

evidentiary hearing, the trial court denied McMorrow's application for post-conviction relief. Judgment was entered on August 17, 1993. The State served notice of entry of judgment on October 5, 1993. McMorrow filed his notice of appeal on October 14, 1993.

## II

N.D.C.C. § 29–32.1–14 of the Uniform Post–Conviction Procedure Act confers jurisdiction on this Court to review final judgments in post-conviction proceedings.

"*Review.* A final judgment entered under this chapter may be reviewed by the supreme court of this state upon appeal filed either by the applicant within ten days or by the state within thirty days after the entry of judgment."

■ McMorrow's notice of appeal was not filed within the ten days after entry of judgment allowed by N.D.C.C. § 29–32.1–14. The time limit for filing a notice of appeal is jurisdictional. *State v. Guthmiller,* 497 N.W.2d 407, 408 (N.D.1993); *DeCoteau v. State,* 499 N.W.2d 894, 895 (N.D.1993).

■ The Uniform Post–Conviction Procedure Act contains no remedy for late filing of a notice of appeal. *DeCoteau.* In *DeCoteau,* however, we recognized that " 'the ordinary processes of appellate review will be followed in post-conviction proceedings.' " *DeCoteau* (quoting Uniform Post–Conviction Procedure Act § 14, 11 U.L.A. 263 (1992)). In *DeCoteau,* we held Rule 4, N.D.R.App.P., applies to post-conviction relief proceedings. Under Rule 4, the time limits for filing a notice of appeal may be extended in situations involving excusable neglect. *DeCoteau.*

■ Post-conviction relief proceedings are civil in nature. *Varnson v. Satran,* 368 N.W.2d 533, 536 (N.D.1985); *State v. Skjonsby,* 417 N.W.2d 818, 820 (N.D.1987). The appropriate remedy for late filing of the notice of appeal in civil cases is Rule 4(a), N.D.R.App.P.[1] Rule 4(a) provides in part:

"Upon a showing of excusable neglect, the trial court may extend the time for filing the notice of appeal *by any party for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this subdivision.*" (Emphasis added.) Under Rule 4(a), the "time otherwise prescribed" for filing the notice of appeal is "within sixty days of the date of the service of notice of entry of judgment or order appealed from." Rule 4(a), N.D.R.App.P. Rule 4(a) specifies that the thirty-day extension for excusable neglect is to be added to the sixty-day period under Rule 4(a), rather than a time otherwise provided for bringing an appeal (in this case ten days). Therefore, in civil cases, including post-conviction relief proceedings, the trial court may extend the time for filing a notice of appeal for a period not to exceed ninety days from the date of service of notice of entry of judgment. *See State v. Gasser,* 306 N.W.2d 205, 208 (N.D. 1981).

## III

This case is remanded to the trial court to determine whether there was excusable neglect to extend the time for filing the notice of appeal. If so, we direct the record be promptly returned to this Court to consider the merits of McMorrow's appeal.

NEUMANN, LEVINE and MESCHKE, JJ., concur.

VANDE WALLE, Chief Justice, dissenting.

Rule 4(b), NDRAppP, governing appeals in criminal cases, specifies that a defendant's notice of appeal "must be filed with the clerk of the trial court within 10 days after the entry of judgment or order appealed from." But that rule also contemplates "the announcement of a decision, sentence, or order," Rule 4(b)(3), NDRAppP, in open court with the defendant present, as specified in Rule 32, NDRCrimP, and required by Rule 43, NDRCrimP. A notice of entry of judg-

---

1. In *DeCoteau,* we erroneously quoted Rule 4(b), N.D.R.App.P., *Appeals in criminal cases.* Because post-conviction relief is a civil proceeding, the correct rule for computing the appropriate extension of time for excusable neglect is Rule 4(a), N.D.R.App.P., *Appeals in civil cases. See State v. Jensen,* 333 N.W.2d 686, 690 (N.D.1983) (because post-conviction relief is civil in nature, Rule 4(b), N.D.R.App.P., does not apply to cure the jurisdictional defect of an appeal.)

ment is not necessary to begin the time within which the appeal must be filed because the defendant and counsel, having been present in court, are aware of the judgment and sentence.

In *State v. Jensen,* 333 N.W.2d 686 (N.D. 1983), we held a post-conviction proceeding is in the nature of a civil rather than a criminal proceeding. We relied on section 29–32–07, NDCC, repealed, 1985 N.D.Laws Ch. 366, § 16, which specified that all rules and statutes applicable in civil proceedings are available to the parties in a post-conviction proceeding. Although the precise language of section 29–32–07, NDCC, is not contained in the later version of the Uniform Post Conviction Procedure Act, codified in Chapter 29–32.1, NDCC, we have held that because of the procedure outlined in sections 29–32.1–08, 29–32.1–10, and 29–32.1–11, NDCC, "[t]he civil nature of post-conviction proceedings has not changed." *State v. Wilson,* 466 N.W.2d 101, 103 (N.D.1991). However, it appears that in enacting the most recent post-conviction procedure act, the legislature adopted the *criminal* rather than the *civil* time for appeal. *Compare* § 29–32.1–14, NDCC [ten days for appeal from entry of final judgment] with Rule 4(b), NDRCrimP [in criminal cases notice of appeal must be filed within ten days from entry of final judgment].[1]

But, because post-conviction procedures are civil, the decision need not be announced in open court with the defendant present and we cannot assume that the defendant is necessarily aware judgment has been entered unless notice of judgment has been entered. Here McMorrow and his counsel say they were unaware judgment had been entered. This lack of knowledge of entry of the judgment may well constitute excusable neglect for the late filing of the notice of appeal. Nevertheless, rather than the result reached by the majority, the effect of which is to provide ten days for appeal from the entry of the judgment and an additional ninety days in which the trial court may extend the time for filing a notice of appeal upon a showing of excusable neglect, I would read section 29–32.1–14, NDCC, and Rule 4(a), NDRAppP [notice of appeal must be filed within ten days of "notice of entry of the judgment or order appealed from...."] to provide that the ten-day period of time in which McMorrow had the right to appeal did not begin until he was served with notice of entry of judgment.

Because McMorrow filed his appeal within ten days of notice of entry of judgement, I would hold we have jurisdiction of the appeal without remand to the trial court to determine excusable neglect. Because the defendant has no open-court notice of entry of judgment in post-conviction proceedings, this construction provides a fairer process to the defendant and reduces excessive requests for relief due to excusable neglect.

I do not believe the trial court's findings, section 29–32.1–11, NDCC, are clearly erroneous. Rule 52(a), NDRCivP. I would affirm the judgment dismissing the application for post-conviction relief pursuant to Rule 35.1(a)(2), NDRAppP.

---

1. *Compare* section 29–32–07, NDCC, prior to repeal, which provided that a post-conviction-judgment appeal could be "brought either by the applicant within six months or by the state within thirty days from the entry of the judgment."

The Uniform Post–Conviction Law adopted by the Commissioners provided no specified time for appeals, the Commissioners' Comment to the original act observed:

"The period within which, after final judgment, an appeal must be brought should be specified in this section. The period is left blank to be filled in by the adopting state. The question is pertinent: Is there any reason for setting out in this section a special procedure as to time for review which is different from the normal appeal or writ of error provisions for appeal from a lower court? Normally, an applicant who may seek review under this Act will be incarcerated at the time he enters his application. Experience has shown that individuals so situated have difficulties in getting their papers in order and in inducing clerks of the court to act promptly on their applications. It is for these reasons that the present Illinois Post–Conviction Hearing Act, for example, specifies a somewhat longer period for seeking review than is provided for in other proceedings. With the exact period left blank, the states which may wish to adopt this Act should be alerted to this problem."
Uniform Post–Conviction Procedure Act § 9, 11 U.L.A. 535 (1974).