Filed 11/27/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 243

State of North Dakota, Plaintiff and Appellee

v.

Esteban F. Dominguez, Defendant and Appellant

No. 20120240

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable M. Richard Geiger, Judge.

VACATED AND DISMISSED.

Opinion of the Court by Maring, Justice.

Barbara L. Whelan (argued), State’s Attorney, Walsh County Courthouse, 600 Cooper Ave., 3rd Floor, Grafton, N.D. 58237, for plaintiff and appellee.

Thomas V. Omdahl (on brief) and Clint D. Morgenstern (argued), 424 DeMers Ave., Grand Forks, N.D. 58201, for defendant and appellant.

State v. Dominguez

No. 20120240

Maring, Justice.

[¶1] Esteban Dominguez appealed from the trial court’s order denying his motion to set aside the jury verdict and request a new trial after he was found guilty of attempted murder and terrorizing.  We vacate the order and dismiss the appeal.

I

[¶2] Dominguez was charged with attempted murder and terrorizing after he allegedly threatened David Nelson with a .22 caliber rifle; and, when Nelson began to run away, Dominguez shot at Nelson four times.

[¶3] On February 2, 2012, a jury found Dominguez guilty of attempted murder and terrorizing.  On May 17, 2012, the trial court entered judgments of conviction.  On March 20, 2012, Dominguez moved to set aside the jury verdict and requested a new trial.  He argued the jury instructions and jury verdict were improper.  The State resisted the motion, in part, on the grounds the motion was untimely.  On April 25, 2012, the trial court denied the motion on the merits.

[¶4] Dominguez appealed from the trial court’s order denying his motion to set aside the jury verdict and request for a new trial.  Dominguez did not appeal from the judgments of conviction.

[¶5] Rule 33, N.D.R.Crim.P., governs motions for new trials.  Under N.D.R.Crim.P. 33(b)(2), “[a]ny motion for a new trial based on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.”  “Under this rule, the court has no power to order a new trial on its own motion, but may act 
only
 upon a timely motion made by the defendant.”  N.D.R.Crim.P. 33, Explanatory Note (emphasis added).  “The Rule 33 time limits are jurisdictional.  A court cannot consider an untimely motion for a new trial, nor can the court extend the time period except as specifically provided in the rule.”  
State v. Simek
, 502 N.W.2d 545, 546 (N.D. 1993) (citations omitted).  “Further, ‘an order entered by a court without proper jurisdiction is void and can be vacated.’”  
In re M.W.
, 2010 ND 135, ¶ 5, 785 N.W.2d 211 (quoting 
Wilson v. Koppy
, 2002 ND 179, ¶ 6, 653 N.W.2d 68).

[¶6] Dominguez’s motion for a new trial was filed after the fourteen-day period under N.D.R.Crim.P. 33(b)(2).  The trial court lacked jurisdiction to extend the time for filing the motion and to consider the merits of the appeal.  We are similarly without jurisdiction to hear the appeal from the order denying Dominguez’s motion.

[¶7] Dominguez did not appeal from the judgments of conviction.  Therefore, the issues on appeal are not properly before us.  Any discussion as to the merits would be advisory.  
See
 
In re M.W.
, 2010 ND 135, ¶ 7, 785 N.W.2d 211.

II

[¶8] The order denying Dominguez’s motion to set aside the verdict and request a new trial is vacated, and the appeal is dismissed.

[¶9] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.