2008 ND 139

**Christina S. CARROLL, Claimant and Appellant**

v.

**NORTH DAKOTA WORKFORCE SAFETY & INSURANCE, Appellee**

**and**

**Baer's House of Quality, Respondent.**

**No. 20070219.**

Supreme Court of North Dakota.

July 7, 2008.

Larry Michel Baer, West Des Moines, IA, for claimant and appellant.

Jacqueline Sue Anderson, Special Assistant Attorney General, Fargo, ND, for appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Christina S. Carroll appealed from a district court judgment affirming the decision of Workforce Safety and Insurance ("WSI") denying her request to increase the level of reimbursement for her home health care services. We conclude the district court did not have subject matter jurisdiction, and we vacate the court's judgment.

I

[¶ 2] Carroll became a quadriplegic in 1990 after a work-related accident. WSI began paying her associated medical expenses and disability benefits, including home health care expenses. Carroll continued to live on her own, but required 24 hour home health care.

[¶ 3] In 1993, after a dispute about the cost of Carroll's health care expenses, WSI and Carroll resolved the matter through a stipulation. The parties agreed, "Base pay for claimant's care-givers shall be $7.00 per hour, with a $.50 increase after six months; and $.25 per year thereafter, except that experienced or specially trained care-givers may be started at $7.50. Not to exceed $6,236.00, the previous payment level." After the stipulation, WSI periodically reviewed the costs of Carroll's home health care and increased the amount of its payments when appropriate, exceeding $6,236 per month.

[¶ 4] In 2005, Carroll requested WSI increase the level of compensation for two of her home health care workers, who had received their certified nursing assistant certification. She requested an increase of $1.00 per hour for both. In a June 16, 2006, letter, WSI denied her request. To explain its decision, WSI said:

To better understand WSI's decision, please consider that in June 1994 you and WSI entered into a stipulation where it was agreed that WSI would not pay more than $6,236.42 per month for your home health care costs. The last 12 years have shown that WSI has frequently exceeded its originally stipulated obligation in paying your home health care costs, which currently exceed $13,000.00 per month. If you were a newly injured worker, you would not be entitled to this amount. There is no legal obligation of WSI to continue to increase the amount it pays for your home health care costs. WSI will not approve any future requests to increase the amount that we currently pay for your in-house home health care staff.

The letter also informed Carroll she had 30 days to file a formal petition for binding dispute resolution if she disagreed with the decision.

[¶ 5] Carroll filed a notice of appeal dated July 17, 2006, in district court. The notice stated Carroll was appealing WSI's June 16, 2006, decision.

[¶ 6] On July 17, 2006, Carroll also petitioned WSI for reconsideration and requested a formal administrative hearing. On July 28, 2006, WSI sent Carroll's attorney a letter informing him that her request for reconsideration and a hearing would be addressed through WSI's binding dispute resolution ("BDR") program.

[¶ 7] On September 20, 2006, WSI sent Carroll's attorney a letter informing him that it was denying Carroll's request for an increase in the level of reimbursement for her current home health care providers after completing the BDR process. WSI completed a comprehensive study of home health care services available in Carroll's geographic area to determine if the level of care the firms provide meet Carroll's requirements, and concluded there were other alternative home health care services available that would provide similar services at a lower cost and would meet the standard of care Carroll requires. Carroll did not amend the previous notice of appeal or file a separate notice of appeal in the district court to appeal the BDR decision.

[¶ 8] The district court affirmed WSI's September 20, 2006, BDR decision. The court questioned whether Carroll had a right to appeal the decision, but decided not to rule on the issue because the parties did not address whether the decision was appealable. The court affirmed WSI's decision and found WSI did not abuse its discretion in denying Carroll's request because its decision was a managed care decision, the amount Carroll's health care workers receive would be allowable under WSI's fee schedule and is more than they are entitled to receive under the 1993 stipulation, WSI followed the managed care procedure set out in the North Dakota Administrative Code, and Carroll's due process rights were not violated because a hearing was not required.

II

[¶ 9] Carroll argues WSI cannot order that it will not approve any future requests to increase the amount it pays for her home health care services, and there is no statutory basis for placing a permanent cap on reasonably necessary medical care.

Carroll also claims WSI denied her due process rights, WSI has failed to publish adequate regulations for utilizing BDR, WSI failed to construct an adequate record to allow the court to decide whether WSI complied with state law or to decide whether WSI abused its discretion, and WSI failed to comply with administrative regulations for evaluating home nursing care.

[¶ 10] Although the district court questioned whether it had jurisdiction to hear the case, but concluded it would not decide the issue because the parties did not address it, " '[t]he right of appeal in this State is statutory and is a jurisdictional matter which we may consider sua sponte.' " *Lende v. North Dakota Workers' Comp. Bureau*, 1997 ND 178, ¶ 28, 568 N.W.2d 755 (quoting *Midwest Federal Sav. Bank v. Symington*, 393 N.W.2d 753, 754 (N.D.1986)).

[¶ 11] The court must have subject matter and personal jurisdiction to issue a valid order or judgment. *Albrecht v. Metro Area Ambulance*, 1998 ND 132, ¶ 10, 580 N.W.2d 583. Although an individual may voluntarily submit to the personal jurisdiction of the court, subject matter jurisdiction cannot be conferred by agreement, consent or waiver. *Id.* The issue to be decided must be properly before the court for subject matter jurisdiction to attach. *Id.* at ¶ 11. The issue of whether the court has subject matter jurisdiction may be raised at any stage of the proceeding. *Id.* "For the district court to acquire subject matter jurisdiction over an appeal from a decision of an administrative agency, the appellant must satisfy the statutory requirements for perfecting the appeal." *Benson v. Workforce Safety and Ins.*, 2003 ND 193, ¶ 5, 672 N.W.2d 640.

[¶ 12] Section 65–02–20, N.D.C.C., establishes WSI's managed care program

and provides the procedure that may be used to dispute a managed care decision:

> If an employee, employer, or medical provider disputes a managed care decision, the employee, employer, or medical provider shall request binding dispute resolution on the decision. The organization shall make rules providing for the procedures for dispute resolution. Dispute resolution under this section is not subject to chapter 28–32 or section 65–01–16.... A dispute resolution decision under this section requested by an employee is reviewable by a court only if medical treatment has been denied to the employee.... The dispute resolution decision may be reversed only if the court finds that there has been an abuse of discretion in the dispute resolution process.

The procedures for resolving disputes are contained in N.D. Admin. Code § 95–01–02–46.

[¶ 13] But, Carroll's notice of appeal only specified that she was appealing the June 16, 2006, decision, not the BDR decision. Carroll did not file an amended notice of appeal or separate notice of appeal after receiving the BDR decision. Carroll's failure to file an amended or separate notice of appeal for the BDR decision precludes appellate review of that decision. *See* N.D.C.C. § 28–32–42 ("An appeal shall be taken by serving a notice of appeal and specifications of error specifying the grounds on which the appeal is taken,...."); *Lynnes v. Lynnes*, 2008 ND 71, ¶ 11, 747 N.W.2d 93 (appellant's failure to file an amended or separate notice of appeal for an order entered after the notice of appeal was filed precludes appellate review of the subsequent order). Carroll only appealed and alleged errors in WSI's June 16, 2006, initial denial. Section 65–02–20, N.D.C.C., requires an employee appeal from a dispute resolution decision before we can review that decision. That initial June 16, 2006, denial was interlocutory and became part of the managed care decision and was subject to review only on appeal from the final managed care order. We conclude the June 16, 2006, letter was not an appealable decision under N.D.C.C. § 65–02–20, Carroll did not appeal the BDR decision, and therefore the district court did not have subject matter jurisdiction to review WSI's decision.

[¶ 14] While Carroll argues WSI has capped her future benefits because the June 16, 2006, denial provides, "WSI will not approve any future requests to increase the amount that we currently pay for your in-house home health care staff[,]" and she urges this Court to reverse that order, we cannot reach the issue of whether WSI can cap all future benefits because there is no appeal from WSI's final decision.

### III

[¶ 15] We conclude the district court lacked subject matter jurisdiction because there was not a valid appeal from WSI's final decision, and therefore the court's judgment affirming the September 20, 2006, binding dispute resolution decision is void. We vacate the district court's judgment affirming the binding dispute resolution decision.

[¶ 16] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, JJ., and RONALD E. GOODMAN, S.J. and BRUCE E. BOHLMAN, S.J., concur.

[¶ 17] The Honorable RONALD E. GOODMAN, S.J. and the Honorable BRUCE E. BOHLMAN, S.J., sitting in place of CROTHERS, J. and SANDSTROM, J., disqualified.