2013 ND 69

**Michael JASSEK, Appellant**

v.

**NORTH DAKOTA WORKFORCE SAFETY AND INSURANCE, Appellee.**

**No. 20110225.**

Supreme Court of North Dakota.

May 14, 2013.

Rehearing Denied May 29, 2013.

Dean J. Haas, Bismarck, N.D., for appellant.

Jacqueline S. Anderson, Special Assistant Attorney General, Fargo, N.D., for appellee.

KAPSNER, Justice.

[¶ 1] Michael Jassek appealed from a district court judgment affirming the binding dispute resolution decision of Workforce Safety and Insurance ("WSI") that denied payment for a myoelectric prosthesis. We conclude the district court did not have subject matter jurisdiction, and we therefore vacate the judgment.

I

[¶ 2] Jassek sustained a serious work-related injury resulting in amputation of his left hand above the wrist. Jassek filed an application for workers compensation benefits, and WSI accepted the claim and paid benefits. WSI approved purchase of a hook-style body-powered prosthesis for Jassek. During the course of his treatment and rehabilitation Jassek's treating medical professionals, including his orthotist, Nathan McKenzie, recommended purchase or rental of a myoelectric-powered prosthesis. WSI, under its managed care program, rejected the recommendation of the treating medical professionals and denied the request for a myoelectric prosthesis.

[¶ 3] After WSI's initial denial, McKenzie submitted several letters to WSI providing additional information and requesting that WSI allow purchase or rental of the myoelectric prosthesis. WSI denied each of these requests. Finally, in July 2010, McKenzie wrote a letter to WSI stating: "This letter is in appeal of the ruling for Michael Jassek." McKenzie included additional documentation supporting the recommendation that Jassek receive a myoelectric prosthesis. WSI treated McKenzie's letter as a request for binding dispute resolution under WSI's managed care program. At WSI's request, Dr. Teresa Gurin conducted an independent medical examination of Jassek and concluded that the myoelectric prosthesis would not be the most appropriate or cost-effective prosthesis for Jassek. WSI thereafter issued its binding dispute resolution decision denying the request for the myoelectric prosthesis. Jassek appealed to the district court from WSI's decision denying McKenzie's request, and the court affirmed WSI's decision.

## II

[¶ 4] Jassek contends that because WSI failed to explain its reasons for disregarding the medical evidence favorable to Jassek its binding dispute resolution decision was arbitrary, and that WSI's binding dispute resolution procedure violated his right to due process because it failed to provide a formal hearing.

[¶ 5] Under N.D.C.C. § 65–02–20, WSI has implemented a managed care program which allows an employee, employer, or medical provider to request binding dispute resolution if dissatisfied with WSI's initial managed care decision. Section 65–02–20, N.D.C.C., provides, in part:

> The organization shall establish a managed care program, including utilization review and bill review, to effect the best medical solution for an injured employee in a cost-effective manner upon a finding by the organization that the employee suffered a compensable injury. The program shall operate according to guidelines adopted by the organization and shall provide for medical management of claims within the bounds of workforce safety and insurance law.... If an employee, employer, or medical provider disputes a managed care decision, the employee, employer, or medical provider shall request binding dispute resolution on the decision. The organization shall make rules providing for the procedures for dispute resolution. Dispute resolution under this section is not subject to chapter 28–32 or section 65–01–16. A dispute resolution decision under this section requested by a medical provider concerning payment for medical treatment already provided or a request for diagnostic tests or treatment is not reviewable by any court. A dispute resolution decision under this section requested by an employee is reviewable by a court only if medical treatment has been denied to the employee. A dispute resolution decision under this section requested by an employer is reviewable by a court only if medical treatment is awarded to the employee. The dispute resolution decision may be reversed only if the court finds that there has been an abuse of discretion in the dispute resolution process.

[¶ 6] Before we reach the merits of an appeal, we must first determine whether there is jurisdiction. *See, e.g., In re Estate of Hollingsworth,* 2012 ND 16, ¶ 7, 809 N.W.2d 328; *Brummund v. Brummund,* 2008 ND 224, ¶ 4, 758 N.W.2d 735. The right of appeal in this state is purely statutory and is a jurisdictional matter which we will consider sua sponte. *City of Grand Forks v. Riemers,* 2008 ND 153, ¶ 4, 755 N.W.2d 99; *Carroll v. North Dakota Workforce Safety & Ins.,* 2008 ND 139, ¶ 10, 752 N.W.2d 188. Even if the parties do not raise the issue of appealability, we must take notice of the lack of jurisdiction if there is no statutory basis for the appeal. *Estate of Hollingsworth,* at ¶ 7; *Riemers,* at ¶ 5.

[¶ 7] In *Carroll,* 2008 ND 139, ¶ 11, 752 N.W.2d 188 (citations omitted), this Court set out the jurisdictional requirements for an appeal from an administrative agency to the district court:

> The court must have subject matter and personal jurisdiction to issue a valid order or judgment. Although an individual may voluntarily submit to the personal jurisdiction of the court, subject matter jurisdiction cannot be conferred by agreement, consent or waiver. The issue to be decided must be properly before the court for subject matter jurisdiction to attach. The issue of whether the court has subject matter jurisdiction may be raised at any stage of the proceeding. "For the district court to acquire subject matter jurisdic-

tion over an appeal from a decision of an administrative agency, the appellant must satisfy the statutory requirements for perfecting the appeal." *Benson v. Workforce Safety and Ins.*, 2003 ND 193, ¶ 5, 672 N.W.2d 640. In *Carroll,* at ¶¶ 10–15, this Court held that the judicial review provisions in N.D.C.C. § 65–02–20 are jurisdictional, and concluded sua sponte that the district court lacked subject matter jurisdiction and its judgment affirming a binding dispute resolution decision was void.

[¶ 8] In this case, the record clearly demonstrates that the request for binding dispute resolution was filed by McKenzie, who was a medical provider. It was McKenzie, not Jassek, who submitted all of the written requests for purchase or rental of the myoelectric prosthesis and who signed and filed the letter which WSI accepted as a request for binding dispute resolution. Jassek never requested binding dispute resolution, and his notice of appeal to the district court attempts to appeal from WSI's decision denying McKenzie's request.

[¶ 9] The language of N.D.C.C. § 65–02–20 unambiguously provides that "[a] dispute resolution decision under this section requested by a medical provider concerning ... a request for ... treatment is not reviewable by any court." The statute bases appealability on the identity of the party who requests binding dispute resolution, not on who appeals the binding dispute resolution decision. McKenzie as an orthotist was a "medical provider," and this dispute concerns "a request for diagnostic tests or treatment," specifically the determination of an appropriate prosthetic device. N.D.C.C. § 65–02–20. Accordingly, WSI's decision on McKenzie's request for binding dispute resolution was not reviewable by the district court, the district court was without subject matter jurisdic-

tion, and the judgment affirming WSI's decision is void. *See Carroll,* 2008 ND 139, ¶ 15, 752 N.W.2d 188.

[¶ 10] To the extent WSI considered McKenzie's request for binding dispute resolution as being made on Jassek's behalf, the result is the same. McKenzie could not have represented Jassek when he requested binding dispute resolution because McKenzie was not a licensed North Dakota lawyer. As a nonlawyer, McKenzie had no authority to represent Jassek before WSI. *See Carlson v. Workforce Safety & Ins.*, 2009 ND 87, ¶ 34, 765 N.W.2d 691 (attempted WSI appeal by out-of-state lawyer for corporation was void); *see also Wetzel v. Schlenvogt,* 2005 ND 190, ¶ 11, 705 N.W.2d 836 ("Just as one unlicensed natural person may not act as an attorney for another natural person in his or her cause, an unlicensed natural person cannot attorn for an artificial person, such as a corporation."). Therefore, because the binding dispute resolution proceeding unquestionably was "requested by a medical provider," judicial review of WSI's decision is prohibited under N.D.C.C. § 65–02–20, and any decision on the merits of the case is improper.

### III

[¶ 11] We conclude the district court lacked subject matter jurisdiction, and the district court judgment affirming WSI's binding dispute resolution decision is void. We therefore vacate the judgment.

[¶ 12] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.