2014 ND 82

**In the Matter of G.K.G., a Child.**

**D.M.M., Mother, Petitioner
and Appellee**

**v.**

**Julie Hoffman, Program Administrator
of the North Dakota Department of
Human Services, and K.G.G., Father,
Respondents.**

**K.G.G., Father, Appellant.**

**Julie Hoffman, Program Administrator
of the North Dakota Department of
Human Services, Appellee.**

No. 20130280.

Supreme Court of North Dakota.

April 29, 2014.

Kari R. Winning, Grand Forks, N.D., for petitioner and appellee.

Robert A. Freed, Special Assistant Attorney General, Grand Forks, N.D., for respondent and appellee.

Jacey L. Johnston (on brief) and Angela N. Simerly (argued), Grand Forks, N.D., for respondent and appellant.

SANDSTROM, Justice.

[¶ 1] K.G., the father of minor child G.K.G., appeals from a district court order denying his motion to vacate an order terminating his parental rights and refusing to vacate an order for ongoing child support. Concluding the father's request for relief under N.D.R.Civ.P. 60 was not properly before the district court, we affirm the order denying the father's motion to vacate.

I

[¶ 2] In March 2011, D.M., the mother of G.K.G., petitioned to terminate the father's parental rights to the child under N.D.C.C. § 27–20–44. The father consented in writing to the termination of his parental rights. A termination hearing was held, but the father did not appear. During the termination hearing, the district court expressed concern with terminating the father's child support unless notice was given to the Department of Human Services. The court continued the termination hearing until an amended termination petition could be filed.

[¶ 3] After the first hearing, the father signed a second consent in April 2011 to termination of his parental rights, virtually identical to the first. At the continued termination hearing, the mother testified she and the father had never married, the child had been in her full care since its birth in 2006, and the father had had minimal contact with the child during the pre-vious two years. The father did not appear at the continued hearing.

[¶ 4] The court found the father executed a consent to relinquishment and termination of his parental rights, affirmatively relinquishing his rights to the minor child. The court noted the father made no personal appearance in the proceeding, nor did he make any form of appearance through counsel. The court also found notice had been provided to the Department. The court found the father had had no contact with the minor child since February 2010, the petitioning mother had the facilities and resources suitable to provide for the nurturance and care of the child, the mother anticipated being engaged to be married, an adoption was planned for the fall of 2012, and it was in the best interest of the child to terminate the father's parental rights. In June 2011, the court entered an order terminating the father's parental rights and requiring him to pay ongoing child support until adoption.

[¶ 5] In February 2013, the father moved to set aside the order "partially terminating parental rights," seeking relief under N.D.R.Civ.P. 60(b) and N.D.C.C. § 27–20–37. At an evidentiary hearing on the motion, the father testified that when the mother asked him to terminate his parental rights, he was not represented by an attorney and was told by the mother that he did not have to go to the court proceedings. He testified he felt "pushed" to consent to the termination of his parental rights and he had tried to maintain a relationship with the child, but the mother made it difficult. He testified that if he had known the mother was not going to get married, he would not have agreed to the termination. He also testified he had been faithfully paying child support.

[¶ 6] The mother also testified at the hearing, stating she had previously told the court she was engaged and the child was going to be adopted, but she never married and the child was never adopted. Nevertheless, she testified she had intended to get married and had intended to have the child adopted by her intended husband. She testified the father made his biweekly child support payments but owed back support of just over $4,000.00. In addition, she testified she took no action to induce him to sign the consent to termination.

[¶ 7] After the evidentiary hearing, the district court denied the father's motion to vacate the order, concluding his claims under N.D.R.Civ.P. 60 were untimely. The court also addressed the father's claims under N.D.C.C. § 27–20–37, but concluded he made an insufficient showing to justify relief. The court ordered that any child support arrearage the father owed be forgiven, but refused to vacate the order for ongoing support. The father appeals.

[¶ 8] The district court's jurisdiction is disputed. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 9] The father argues the district court did not have subject matter jurisdiction to issue an order terminating his parental rights under N.D.C.C. ch. 27–20.

[¶ 10] The law regarding subject matter jurisdiction is well-established:

The court must have subject matter and personal jurisdiction to issue a valid order or judgment. Although an individual may voluntarily submit to the personal jurisdiction of the court, subject matter jurisdiction cannot be conferred by agreement, consent or waiver. The issue to be decided must be properly before the court for subject matter jurisdiction to attach. The issue of whether the court has subject matter jurisdiction may be raised at any stage of the proceeding.

*Carroll v. N.D. Workforce Safety & Ins.*, 2008 ND 139, ¶ 11, 752 N.W.2d 188 (citations omitted). "The question of subject matter jurisdiction is a question of law and is reviewed de novo, if the jurisdictional facts are not in dispute." *Ellis v. North Dakota State Univ.*, 2010 ND 114, ¶ 8, 783 N.W.2d 825.

[¶ 11] The father claims that under N.D.C.C. § 27–20–03(1), the juvenile court has exclusive jurisdiction of proceedings for the termination of parental rights, except when part of an adoption proceeding. He argues that because the mother had not filed adoption pleadings before, during, in conjunction with, or after the termination order was entered, the district court did not have jurisdiction and the termination proceedings properly fall under the jurisdiction of the juvenile court.

[¶ 12] Section 27–20–03(1), N.D.C.C., provides:

The juvenile court has exclusive original jurisdiction of the following proceedings, which are governed by this chapter:

a. Proceedings in which a child is alleged to be delinquent, unruly, or deprived;

b. Proceedings for the termination of parental rights except when a part of an adoption proceeding;

. . . .

[¶ 13] Section 27–20–02(13), N.D.C.C., defines juvenile court as "the district court of this state." The mother's petition sought termination of the father's parental rights under N.D.C.C. § 27–20–44. This case was brought under N.D.C.C. ch. 27–

20, and the termination was not issued in connection with an adoption. As a result, the action was properly brought under N.D.C.C. ch. 27–20, and jurisdiction falls under N.D.C.C. § 27–20–03, which provides the juvenile court, defined as "the district court of this state," has exclusive subject matter jurisdiction. *See* N.D.C.C. §§ 27–20–02(13) and 27–20–03; N.D.C.C. § 14–15–19.

[¶ 14] Because this case was brought in district court, a proper court under N.D.C.C. ch. 27–20, and because the father's consent to termination eliminated any potential due process concerns, we conclude the district court properly exercised jurisdiction in terminating his parental rights.

### III

[¶ 15] The father argues the district court abused its discretion in determining his motion to vacate the order terminating his parental rights was untimely under N.D.R.Civ.P. 60(c).

[¶ 16] The mother's petition was brought in March 2011, under N.D.C.C. ch. 27–20. Rule 1, N.D.R.Juv.P., effective March 1, 2010, provides:

> These rules govern the procedure in all actions conducted under the Uniform Juvenile Court Act, N.D.C.C. ch. 27–20. They must be construed and administered to protect the best interests of children and to address the unique characteristics and needs of children.

[¶ 17] This Court has not yet established the applicability of the juvenile rules, especially in a situation such as the one presented in this case. Nevertheless, because the clear language of N.D.R.Juv.P. 1 states the juvenile rules apply in all actions conducted under N.D.C.C. ch. 27–20, and because this case was brought under N.D.C.C. ch. 27–20 after the date the juvenile rules went into effect, we conclude the Rules of Juvenile Procedure apply in this case. *See also* N.D.R.Civ.P. 81 (excluding inconsistent special statutory proceedings listed in Table A, including proceedings under the Uniform Juvenile Court Act, from the rules of civil procedure).

[¶ 18] Because the juvenile rules govern this action, the father's request for relief under N.D.R.Civ.P. 60 was not properly before the district court. The father's arguments on appeal allege error in the context of the district court's ruling on his Rule 60 motion. Because we conclude N.D.R.Civ.P. 60 does not apply in this case, we need not address those claims.

### IV

[¶ 19] In addition to seeking relief under N.D.R.Civ.P. 60, the father asked the district court for relief under N.D.C.C. § 27–20–37, which provides in part:

> 1. An order of the court must be set aside if:
>    a. It appears that it was obtained by fraud or mistake sufficient therefor in a civil action;
>    b. The court lacked jurisdiction over a necessary party or of the subject matter; or
>    c. Newly discovered evidence so requires.
> 2. Except an order terminating parental rights, or an order of dismissal, an order of the court may also be changed, modified, or vacated on the ground that changed circumstances so require in the best interest of the child. An order terminating parental rights and the parent and child relationship may be vacated by the court upon motion of the parent if the child is not on placement for adoption and the person having custody of the child consents in writing

to the vacation of the decree. An order granting probation to a child found to be delinquent or unruly may be revoked on the ground that the conditions of probation have not been observed.

[¶ 20] We note that N.D.C.C. § 27–20–37 has been superseded by N.D.R.Juv.P. 16, which includes similar language and provides in part:

(a) Mandatory Vacation of Order. An order of the court must be set aside if:

(1) it appears it was obtained by fraud or mistake;

(2) the court lacked jurisdiction over a necessary party or of the subject matter; or

(3) newly discovered evidence so requires.

(b) Discretionary Modification.

(1) Except an order terminating parental rights, or an order of dismissal, an order of the court may also be changed, modified, or vacated on the ground that changed circumstances so require in the best interest of the child.

(2) An order terminating parental rights and the parent and child relationship may be vacated by the court on motion of the parent if the child is not placed for adoption and the person having custody of the child consents in writing to the vacation of the decree.

(3) An order granting probation to a child found to be delinquent or unruly may be revoked on the ground that the conditions of probation have not been observed.

[¶ 21] In denying the father's request for relief under N.D.C.C. § 27–20–37, the district court found:

Under this section, the person having custody must consent to the vacation. That is not the case here. [The mother] does not consent to the vacation of the termination order.

Additionally, the Court finds that there has not been a sufficient showing of fraud or mistake. [The mother] intended to marry [A.P.] and that [A.P.] would adopt [the child]. She did not perpetrate a fraud. Her plans legitimately changed. There is also an insufficient showing that he was coerced into signing the consent or misled that he should not appear at the termination hearing.

There is an insufficient showing that the order should be granted on the basis of mistake. The law is clear on the point of ongoing child support after termination of parental rights. [The father] could have sought legal representation, he didn't. He did not have to rely on what was stated in the consent. He certainly could have appeared at the hearing. Also Judge Clapp made a finding of abandonment. The testimony at the Motion to Vacate hearing does not contradict Judge Clapp's finding.

[¶ 22] On appeal, the father's arguments are presented in the context of Rule 60, and he raises no claims of error in the context of the district court's disposition under N.D.C.C. § 27–20–37. We therefore do not address the district court's findings under N.D.C.C. § 27–20–37. To the extent the father's arguments under N.D.R.Civ.P. 60 relate to criteria under N.D.R.Juv.P. 16, we conclude the district court did not err.

V

[¶ 23] We affirm the district court order.

[¶ 24] GERALD W. VANDE WALLE, C.J., and LISA FAIR McEVERS, J., concur.

CROTHERS, Justice, specially concurring.

[¶ 25] I agree the district court had subject matter jurisdiction to decide this controversy. Majority opinion at ¶¶ 9–14. Regarding the remainder of the decision, I concur in the result. But I would reach that result after deciding the merits of the father's appeal.

[¶ 26] The majority correctly states that when the father made his motion, North Dakota Civil Rule 60 did not apply to juvenile court proceedings. N.D.R.Civ.P. 81(a), Table A; Majority opinion at ¶¶ 16–17. The majority also correctly states N.D.C.C. § 27–20–37 was superseded. Majority opinion at ¶ 20; *see* N.D.R.Juv.P. 16, Explanatory Note. However, as also noted by the majority, "This Court has not yet established the applicability of the juvenile rules, especially in a situation such as the one presented in this case." Majority opinion at ¶ 17. Without clear precedent, it is foreseeable—and even understandable—that a district court or counsel might not appreciate that this Court's inclusion of the "Uniform Juvenile Court Act" on Table A to Civil Rule 81(a) means Civil Rule 60 no longer applies to juvenile court proceedings.

[¶ 27] Turning to the merits, the father's motion asserted fraud and mistake as grounds for relief. Fraud and mistake are cognizable under Juvenile Procedure Rule 16, just as they are under Civil Rule 60 and were under N.D.C.C. § 27–20–37. We therefore elevate form over substance by refusing to address the merits of the father's arguments on appeal.

[¶ 28] When the merits are examined under N.D.R.Juv.P. 16, I would affirm. Because we have no decisions analyzing or applying Juvenile Procedure Rule 16, I would decide this case by looking at our comparable case law under Civil Rule 60 and N.D.C.C. § 27–20–37. Under that case law, I would hold the district court did not abuse its discretion concluding the termination order did not need to be vacated due to fraud or mistake.

[¶ 29] CAROL RONNING KAPSNER, J., concurs.