20200006
**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**NOVEMBER 19, 2020**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 241

State of North Dakota,                                  Plaintiff and Appellee

    v.

Amy Jo Charlotte Vaagen,                          Defendant and Appellant

## No. 20200006

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Lonnie Olson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kari M. Agotness, State's Attorney, Devils Lake, ND, for plaintiff and appellee; submitted on brief.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant.

## State v. Vaagen
## No. 20200006

**Crothers, Justice.**

[¶1]   Amy Vaagen appeals from an order revoking her unsupervised probation and imposing a period of confinement. She argues the district court improperly amended the order under which her probation was revoked. We affirm.

I

[¶2]   On June 11, 2018, Vaagen pleaded guilty to preventing arrest, possession of a controlled substance, and possession of drug paraphernalia. On June 19, 2018, the district court deferred imposition of Vaagen's sentence. The court also ordered Vaagen to submit to random drug urinalysis testing once a week for the duration of her probation. The urinalysis testing condition was orally announced during sentencing but was not included in the original order. On May 9, 2019, the district court sua sponte issued an amended order deferring imposition of sentence. The amended order contained the urinalysis condition.

[¶3]   On August 14 and September 24, 2019, the State petitioned to revoke Vaagen's probation based on alleged violations of the urinalysis testing condition. Following the August 14 petition, the district court found violations of probation, granted the petition to revoke, and entered an amended order deferring imposition of sentence which extended Vaagen's probation by six months. As a result of the September 24 petition, the court again found violations of probation, granted the petition to revoke, and entered a criminal judgment which extended Vaagen's probation by nine months and revoked her deferred imposition of sentence. After a third petition, the court revoked Vaagen's unsupervised probation. On December 18, 2019, the court sentenced Vaagen to a period of confinement. Vaagen filed a notice of appeal on January 8, 2020.

1

[¶4]   Vaagen argues the district court committed obvious error by amending the order deferring imposition of sentence without providing prior notice to her or the State.

[¶5]   Before we address the merits we must determine whether Vaagen's appeal is timely. "The right of appeal in this state is purely statutory and is a jurisdictional matter which we will consider sua sponte." *Jassek v. North Dakota Workforce Safety & Ins.*, 2013 ND 69, ¶ 6, 830 N.W.2d 582. We must have jurisdiction before an issue can be considered on appeal. *Rahn v. State*, 2007 ND 121, ¶ 7, 736 N.W.2d 488 (citing *City of Grand Forks v. Lamb*, 2005 ND 103, ¶ 5, 697 N.W.2d 362). Appeals must be timely to invoke this Court's jurisdiction. *Rahn,* at ¶ 10. "The timely filing of a notice of appeal is mandatory and jurisdictional, and cannot be waived by the appellate court." *Id.* at ¶ 10 (citing *State v. DuPaul*, 527 N.W.2d 238, 243 (N.D. 1995); *McMorrow v. State*, 516 N.W.2d 282, 283 (N.D. 1994); *State v. Guthmiller*, 497 N.W.2d 407, 408 (N.D. 1993)). In a criminal case, a defendant's notice of appeal must be filed within 30 days after the entry of the judgment or order being appealed. N.D.R.App.P. 4(b)(1)(A).

[¶6] Vaagen appeals from the December 18, 2019 order revoking unsupervised probation and sentencing her to incarceration. In her briefing she only challenges the validity of the amended order deferring imposition of sentence and requiring urinalysis testing. Vaagen and the State agree the order was entered without notice to either party. However, the order that Vaagen argues should be reversed was entered on May 9, 2019, and the time for appeal expired in June 2019.

[¶7]   Subsequent to entry of the amended order deferring imposition of sentence, the State twice petitioned to revoke Vaagen's probation. In response, the district court entered two orders amending the conditions of Vaagen's probation. The final order revoking unsupervised probation was filed on December 18, 2019, and Vaagen filed her notice of appeal on January 8, 2020. Thus, while the amended order which Vaagen contests may have been deficient, it is not an order that this Court can now review.

## III

[¶8]   Vaagen also appeals from the December 18, 2019 order revoking her probation. Our standard of review on appeal from a district court's decision to revoke probation is whether the district court abused its discretion. *State v. Toepke*, 485 N.W.2d 792, 795 (N.D. 1992). However, Vaagen advanced no argument that the district court erred in revoking her unsupervised probation other than that an underlying order was amended without proper notice.

[¶9]   "[A] party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit." *Riemers v. O'Halloran*, 2004 ND 79, ¶ 6, 678 N.W.2d 547 (quoting *Kautzman v. Kautzman*, 2003 ND 140, ¶ 15, 668 N.W.2d 59) (internal quotation marks omitted)). "[W]e 'will not consider an argument that is not adequately articulated, supported, and briefed.'" *Holden v. Holden*, 2007 ND 29, ¶ 7, 728 N.W.2d 312.

[¶10]   Here, because the amendment of the May 9, 2019 order is not reviewable in this proceeding, and because Vaagen made no argument other than the district court erred by amending the earlier order without notice, we affirm.

## IV

[¶11] The district court's December 18, 2019 order revoking unsupervised probation is affirmed.

[¶12]   Jon J. Jensen, C.J.
         Gerald W. VandeWalle
         Daniel J. Crothers
         Lisa Fair McEvers
         Jerod E. Tufte

3