# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 232

In the Interest of Travis Lee Wedmore

Julie Lawyer, State's Attorney,                           Petitioner and Appellee

v.

Travis Wedmore,                                    Respondent and Appellant

### No. 20230150

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bonnie L. Storbakken, Judge.

DISMISSED.

Opinion of the Court by Crothers, Justice.

Isaac O. Lees, Assistant State's Attorney, Bismarck, ND, for petitioner and appellee; submitted on brief

Kent M. Morrow, Bismarck, ND, for respondent and appellant; submitted on brief.

**Crothers, Justice.**

[¶1] Travis Wedmore challenges the district court's finding he has serious difficulty controlling his sexual behavior. Wedmore failed to timely appeal from a court order for continued commitment after an annual review hearing to determine whether he remains a sexually dangerous individual. This Court does not have jurisdiction over this matter, and the appeal is dismissed.

I

[¶2] In November 2006, the State petitioned for Wedmore to be civilly committed as a sexually dangerous individual. In May 2007, Wedmore was designated a sexually dangerous individual.

[¶3] Wedmore applied for discharge from the state hospital on September 26, 2022. On April 17, 2023, the district court held a hearing to determine if Wedmore remained a sexually dangerous individual. On April 20, 2023, the district court issued an order finding Wedmore had serious difficulty controlling his behavior and remained a sexually dangerous individual. Wedmore appealed on May 23, 2023.

II

[¶4] Before addressing the merits we must determine whether an appeal is timely. *State v. Vaagen*, 2020 ND 241, ¶ 5, 950 N.W.2d 768. "The right of appeal in this state is purely statutory and is a jurisdictional matter which we will consider sua sponte." *Id.* (quoting *Jassek v. North Dakota Workforce Safety & Ins.*, 2013 ND 69, ¶ 6, 830 N.W.2d 582)."The time limit for filing a notice of appeal is jurisdictional, and we dismiss an appeal if we conclude we do not have jurisdiction." *Rhodenbaugh v. Rhodenbaugh*, 2019 ND 109, ¶ 25, 925 N.W.2d 742.

[¶5] An appeal to determine if a person remains a sexually dangerous individual must be taken within 30 days of an order denying discharge. N.D.C.C. § 25-03.3-19 ("[t]he respondent has the right to an appeal from an

order of commitment or an order denying a petition for discharge" and "[t]he notice of appeal must be filed within thirty days after entry of the order"). Neither N.D.C.C. § 25-03.3-19 nor the North Dakota Rules of Appellate Procedure provide or allow for an extension to file the notice of appeal in a sexually dangerous individual case.

[¶6]   On April 20, 2023, the district court signed its order denying discharge. On April 21, 2023, the order was entered in the North Dakota Odyssey case management system. Wedmore had 30 days from the entry of the order to timely file an appeal. N.D.C.C § 25-03.3-19.

[¶7]   This Court has not defined what is meant by "entry of the order" as that phrase is used in N.D.C.C. § 25-03.3-19. Nothing on the face of the statute helps us determine whether "entry" means signing or docketing; thus, the statute is ambiguous. We resolve ambiguity by interpreting the statute and giving each word its ordinary meaning. N.D.C.C. § 1-02-02 ("Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears."). If the statute remains ambiguous after this exercise, a court may use extrinsic aids to interpret the statute. *State v. Fasteen*, 2007 ND 162, ¶ 8, 740 N.W.2d 60.

[¶8]   We have interpreted "entry" of an order or court document in several contexts. However, our cases do not consistently identify whether signing or filing the order constitutes "entry." One case holds that docketing the order constituted entry. *State v. Freed*, 340 N.W.2d 172, 174 (N.D. 1983) (Notice of appeal must be filed in a criminal case within 30 days of entry of the order or judgment appealed from, and "[t]he date the order or judgment is entered in the criminal docket determines when the time starts to run."). Another group of cases states that the order is entered when signed by the judge, irrespective of filing. *State v. Olsen*, 540 N.W.2d 149, 150-51 (N.D. 1995) (For continuance after a speedy trial demand, "a written order of the court is entered and effective when it is signed by the judge; filing of the order by the clerk is not a prerequisite."); *Board of Univ. & Sch. Lands v. Vance*, 122 N.W.2d 200, 203 (N.D. 1963) (When determining the time for appeal in a civil case, "an order is entered in an action or proceeding when it is signed by the judge and that the

filing of an order is not a prerequisite to its entry."); *State v. Moore,* 2007 ND 7, ¶ 11, 725 N.W.2d 910 (This Court stated in a Uniform Mandatory Disposition of Detainers Act case "that an oral ruling does not constitute an order on a motion. An order must be in writing and signed by a judge. A motion is pending until a written order is signed by the court.") (cleaned up). It is not necessary for us to resolve our split of authority about when an order is entered because, under either application, Wedmore's appeal was not timely.

[¶9] The 30-day time for appealing Wedmore's order ended on May 20, a Saturday. Under N.D.R.App.P. 26(a)(1)(C), when computing time if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See also* N.D.C.C. § 1-03-05 (when an act is due on a "Saturday or a holiday" the act is timely if performed the next business day). Accordingly, Wedmore had 32 days to file his notice of appeal, or until Monday, May 22, 2023. Wedmore filed his notice of appeal on Tuesday, May 23, which was one day too late.

[¶10] Wedmore did not appeal within the time permitted by law and this Court lacks jurisdiction. The appeal is dismissed.

[¶11] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Cherie L. Clark, D.J.

[¶12] The Honorable Cherie L. Clark, sitting in place of Bahr, J., disqualified.