# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 44

State of North Dakota,                                                 Plaintiff and Appellee

    v.

Troy Justin Plentychief,                                         Defendant and Appellant

## No. 20240334

Motion to reconsider order of dismissal of appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bonnie L. Storbakken, Judge.

MOTION DENIED.

Order of the Court by Tufte, Justice.

Justin J. Schwarz, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee; submitted on brief.

Samuel A. Gereszek, Grand Forks, N.D., for defendant and appellant; submitted on brief.

**State v. Plentychief**
**No. 20240334**

**Tufte, Justice.**

[¶1]   On January 9, 2025, the Court on its own motion dismissed this appeal for failure to proceed under the North Dakota Rules of Appellate Procedure because Plentychief failed to file proof of service of the notice of appeal. On January 10, Plentychief moved for reconsideration, showing that proof of service had been filed on January 2. We conclude we have no jurisdiction over this appeal because it was not timely filed, and we deny the motion.

I

[¶2]   On October 3, 2024, the district court entered a criminal judgment after a jury convicted Plentychief of forgery. Without counsel, Plentychief filed a notice of appeal on December 4. Later, counsel was appointed to represent Plentychief on appeal. On January 2, Plentychief filed proof of service of his notice of appeal and moved for an extension of time to file the notice of appeal. We erred in dismissing this appeal for failure to proceed.

II

[¶3]   In every attempted appeal, this Court must confirm it has jurisdiction. *State v. Vaagen*, 2020 ND 241, ¶ 5, 950 N.W.2d 768. Our appellate jurisdiction is "purely statutory," and a timely notice of appeal is a mandatory requirement that "cannot be waived." *Id.* The time allowed for filing a notice of appeal in a criminal case is defined by N.D.R.App.P. 4(b). "In a criminal case, a defendant's notice of appeal must be filed with the clerk of the supreme court within 30 days after the entry of the judgment or order being appealed." N.D.R.App.P. 4(b)(1)(A).

[¶4]   Because the thirtieth day after entry of judgment fell on Saturday, November 2, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." N.D.R.App.P. 26(a)(1)(C). The last day for Plentychief to file a timely notice of appeal was Monday, November 4.

Plentychief's December 4th notice of appeal was filed well after this deadline expired. Our rules provide for an extended period during which an appeal may yet be taken if the supreme court finds "excusable neglect or good cause" and a notice of appeal is filed no later than "30 days from the expiration of the time otherwise prescribed by this subdivision." N.D.R.App.P. 4(b)(4).

[¶5]   The 30-day extension permitted by Rule 4(b)(4) arguably could run from the 30th day, Saturday, November 2, or the expiration of the initial 30-day period extended by Rule 26 to Monday, November 4. We conclude the extension runs from the 30th day, regardless of whether that 30th day is on a weekend or legal holiday, and thus the maximum time allowed to file a notice of appeal in a criminal case is 60 days. Only if the "last day" of the extended period falls on a weekend or legal holiday does Rule 26 cause the extension to run until the next day that is not a weekend or legal holiday. N.D.R.App.P. 26(a)(1)(C).

[¶6]   This interpretation follows from the language of Rule 4, which provides that any extension may not "exceed 30 days from the expiration of the time otherwise prescribed by this subdivision." N.D.R.App.P. 4(b)(4). Subdivision 4(b) requires filing within 30 days, and there is no reference to Rule 26. This is consistent with how we applied the prior rule setting a 10-day time to appeal. *See State v. Bohn*, 406 N.W.2d 677, 680 (N.D. 1987) (explaining prior rule's 10-day appeal deadline could be extended by 30 days, resulting in "40-day maximum allowed under the rule"). The maximum extension of time allowed to file a notice of appeal ends 60 days after entry of judgment. Rule 26 applies only if the 60th day falls on a weekend or holiday.

[¶7]   The initial 30-day deadline under Rule 4(b) was November 2. A 30-day extension would have allowed Plentychief until Monday, December 2, to file his notice of appeal. Because the last day of the extended deadline was not a weekend or holiday, Rule 26 has no application here. Plentychief's notice of appeal was not filed until December 4. It was untimely under Rule 4(b)(1) and beyond the maximum allowed extension of time under Rule 4(b)(4).

[¶8] Although the record does not support the initial basis for dismissal, dismissal was nonetheless required for the independent reason that the appeal was untimely. We deny Plentychief's motion to reconsider.

[¶9]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr