PER CURIAM.
The defendant appeals his convictions for manslaughter and aggravated battery by causing great bodily harm, permanent disability or permanent disfigurement. We affirm on all issues, but write to address the defendant’s argument that the trial court erred in adjudicating the defendant guilty of both manslaughter and aggravated battery.
The State charged the defendant with manslaughter and aggravated battery where the facts revealed the defendant beat the victim, who died several days later. Apparently, there was some question regarding the victim’s cause of death. The jury found the defendant guilty of both charges. The State then requested the court to adjudicate the defendant guilty on both charges, but requested that a sentence be imposed only on the manslaughter charge. This is precisely what the trial court did.
On appeal, the defendant argues the court erred in adjudicating the defendant guilty of both charges. We disagree. Our supreme court has consistently held that similar types of related crimes meet the Blockburger test and are not “degree variants” of the same underlying offense. See, e.g., State v. Florida, 894 So.2d 941 (Fla.2005); Gordon v. State, 780 So.2d 17 (Fla.2001).
We also approve of the trial court’s procedure of adjudicating the defendant guilty of both crimes, but withholding sentence on the second charge. In this way, the court retains the ability to sentence the defendant on the second charge should the first charge be reversed on appeal and avoids the problem that is created by either vacating the jury’s finding of guilt on the second charge or holding the second charge in abeyance. These later procedures often result in double jeopardy arguments that would not otherwise arise.

Affirmed.

GUNTHER, HAZOURI and MAY, JJ., concur.