# Third District Court of Appeal

## State of Florida

Opinion filed October 8, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1891
Lower Tribunal No. 97-4142

_____

**Todrick Roberts,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Eric W. Hendon, Judge.

Todrick Roberts, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before LAGOA, EMAS and FERNANDEZ, JJ.

PER CURIAM.

Affirmed.

## ORDER TO SHOW CAUSE

On September 9, 1997, the trial court declared Todrick Roberts a/k/a Natan

Torres a habitual violent felony offender based upon a robbery conviction and

sentence of forty years with a fifteen-year minimum mandatory sentence. Roberts has since filed an overwhelming number of pro se motions challenging his conviction and sentence, all of which were denied. We now order Roberts to show good cause why he should not be prohibited from filing further pro se proceedings in this Court concerning his conviction and sentence imposed in case number F97-4142.

## I. Facts

On October 12, 2012, the trial court issued Roberts an order to show cause within thirty days why he should not be barred from filing pro se motions. Roberts failed to show cause after which the trial court on December 11, 2012 issued an order prohibiting Roberts from filing further pro se pleadings, motions, or petitions.

Roberts has filed at least six pro se Motions to Correct Illegal Sentence pursuant to Florida Rule of Criminal Procedure 3.800. The trial court denied these motions, and this Court affirmed all of the denials. See Roberts v. State, 109 So. 3d 1168 (Fla. 3d DCA 2013); Roberts v. State, 46 So. 3d 1012 (Fla. 3d DCA 2010); Roberts v. State, 990 So. 2d 594 (Fla. 3d DCA 2008); Roberts v. State, 946 So. 2d 28 (Fla. 3d DCA 2006); Roberts v. State, 765 So. 2d 714 (Fla. 3d DCA 2000).

Roberts then petitioned the Florida Supreme Court to review this Court's affirmance relative to the trial court's denial of one of his Motions to Correct Illegal Sentence.  See Roberts v. State, 946 So. 2d 28 (Fla. 3d DCA 2006). The Florida Supreme Court dismissed his petition for review.  Roberts v. State, 956 So. 2d 456 (Fla. 2007).  The United States Supreme Court likewise denied Roberts' petition for writ of certiorari.  Roberts v. Florida, 550 U.S. 941 (2007). The United States Supreme Court also denied his petition for rehearing.  Roberts v. State, 551 U.S. 1178 (2007).

Roberts again sought review before the Florida Supreme Court relative to this Court's affirmance of the trial court's denial of another Motion to Correct Illegal Sentence, see Roberts v. State, 990 So. 2d 594 (Fla. 3d DCA 2008), which the Florida Supreme Court ultimately dismissed.  Roberts v. State, 996 So. 2d 213 (Fla. 2008).   The United States Supreme Court denied Roberts' petition for writ of certiorari.  Roberts v. Florida, 555 U.S. 1215 (2009).

Additionally, Roberts has filed at least four pro se Motions for Post-Conviction Relief pursuant to Florida Rule of Criminal Procedure 3.850. This Court affirmed the trial court's denials of these motions.  See Roberts v. State, 93 So. 3d 1039 (Fla. 3d DCA 2012); Roberts v. State, 5 So. 3d 683 (Fla. 3d DCA 2009); Roberts v. State, 949 So. 2d 211 (Fla. 3d DCA 2007); Roberts v. State, 892 So. 2d 494 (Fla. 3d DCA 2004).

Roberts has also filed four petitions, two seeking writs of mandamus and two seeking writs of habeas corpus, and this Court has denied all of the petitions. See Roberts v. State, 41 So. 3d 908 (Fla. 3d DCA 2010). Roberts v. State, 17 So. 3d 299 (Fla. 3d DCA 2009); Roberts v. State, 854 So. 2d 202 (Fla. 3d DCA 2003); Roberts v. State, 842 So. 2d 122 (Fla. 3d DCA 2003). Recently, this Court denied his petition for belated appeal. Roberts v. State, No. 3D14-0359, 2014 WL 1513985, (Fla. 3d DCA Mar. 12, 2014).

## *II. Analysis*

We recognize that incarcerated persons must be provided with a full panoply of procedural vehicles with which to challenge the lawfulness of their incarceration. State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999). On the other hand, successive motions which have been heard, considered, rejected, and then raised again, are an abuse of process. Conception v. State, 944 So. 2d 1069, 1072 (Fla. 3d DCA 2006).

This Court has the inherent authority and duty to limit abuses of the judicial process by pro se litigants. Golden v. Buss, 60 So. 3d 461, 462 (Fla. 1st DCA 2011). This is particularly true in this case where, over the course of about fifteen years, Roberts has filed at least six pro se Motions to Correct Illegal Sentence, four Motions for Post-Conviction Relief, two writs of mandamus, two writs of habeas corpus, and a petition for belated appeal.[1] In addition, he filed two petitions for

4

review before the Florida Supreme Court and two writs of certiorari in the United States Supreme Court. The record thus plainly reflects that Roberts has filed an overwhelming number of appeals that now require the issuance of this Order.

### III. Conclusion

We therefore order Roberts to show good cause why he should not be prohibited from filing further pro se pleadings in this Court concerning his conviction and sentence imposed in case number F97-4142.

---

[1] Roberts filed two additional appeals in this Court, both of which are non-published opinions. This Court affirmed the appeal in case number 3D97-3396 and dismissed the appeal in case number 3D99-1240.