2015 ND 105

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Randy HOLKESVIG, Defendant and Appellant.**

**Nos. 20140209, 20140210.**

Supreme Court of North Dakota.

April 28, 2015.

Rehearing Denied July 1, 2015.

Peter D. Welte, State's Attorney, Grand Forks, N.D., for plaintiff and appellee; submitted on brief.

Randy Holkesvig, Fargo, N.D., defendant and appellant; submitted on brief.

CROTHERS, Justice.

[¶ 1] Randy Holkesvig appeals from a district court order denying his various postconviction motions in these criminal cases and from an order barring him from filing any further motions or pleadings at the district court level in these cases. We affirm the court's order denying his motions because the district court did not abuse its discretion and because his appeal is frivolous. We affirm the separate order enjoining Holkesvig from further filings in these criminal cases, as modified to comport with N.D.C.C. ch. 29–32.1.

I

[¶ 2] In 2008, Holkesvig was charged with stalking, a class A misdemeanor, and with violation of a disorderly conduct restraining order, a class A misdemeanor. In June 2008, Holkesvig pleaded guilty to the stalking charge, and the other charge was dismissed. Holkesvig received a two-year deferred imposition of sentence, which he completed. In 2011, Holkesvig applied for postconviction relief which the district court denied, and this Court summarily affirmed on appeal. *Holkesvig v. State*, 2013 ND 1, ¶ 2, 828 N.W.2d 546.

[¶ 3] Since pleading guilty, Holkesvig has engaged in extensive, unsuccessful and frivolous civil litigation against various parties, alleging wrongdoing in the criminal investigation and prosecution. *See Holkesvig v. Rost*, 2015 ND 67, 2015 WL 1300983; *Holkesvig v. Hutton*, 2015 ND 48, 2015 WL 1306638; *Holkesvig v. Grove*, 2014 ND 57, 844 N.W.2d 557; *Holkesvig v. Moore*, 2013 ND 2, 828 N.W.2d 546; *Holkesvig v. Welte*, 2012 ND 236, 823 N.W.2d 786; *Holkesvig v. Grove*, 2012 ND 208, 823 N.W.2d 786; *Holkesvig v. Welte*, 2012 ND 142, 818 N.W.2d 760; *Holkesvig v. Welte*, 2012 ND 14, 809 N.W.2d 323; *Holkesvig v. Moore*, 2011 ND 199, 806 N.W.2d 438; *Holkesvig v. Welte*, 2011 ND 161, 801 N.W.2d 712.

[¶ 4] In February 2014, Holkesvig filed seven motions in the two criminal cases, including (1) a "motion to file fraud upon the court," (2) a "motion for express leave of court approval to file new documents,"

(3) a "motion for oral argument," (4) a "motion to combine the fraud upon the court and deceit," (5) a "motion for express leave of court approval to file a motion to amend complaint," (6) a "motion to amend complaint" and (7) a "motion to file new evidence and to protect all prior evidence." After an April 2014 hearing, the district court entered two orders on May 27, 2014—one denying Holkesvig's motions and another essentially barring Holkesvig from filing any further motions or pleadings in these cases.

## II

[¶ 5] On appeal, Holkesvig raises a multitude of issues in response to the district court's May 2014 orders. Holkesvig argues the district court abused its discretion "by violating his judicial oath and ignoring facts and new evidence by issuing fraudulent orders to cover up the State's abuse and illegal acts when they intentionally withheld exculpatory evidence and lied to obtain an involuntary plea on 6-5-08 that became fraud upon the court." He also argues that "evidence of corruption, collusion, conspiracy and cover[-]up exist[s] that was ignored" by the courts and by various county and state officials and that "State officials lie[d], deceive[d] and misl[e]d [his] attorney in 2008." The State responds that the court did not abuse its discretion in denying the motions and barring future filings.

[¶ 6] In its order denying his motions, the district court noted Holkesvig does not distinguish between his prior civil cases and the two criminal cases, in which he filed his present motions. The court, however, considered his motions as seeking postconviction relief under N.D.C.C. ch. 29–32.1. The court ruled postconviction relief was unavailable in the case charging Holkesvig with violating a disorderly conduct restraining order because that case

was dismissed when he pleaded guilty to the stalking charge. The court further concluded Holkesvig's seven motions with supporting documents did not present any "new issues or evidence" for the court to grant any relief and observed some of the motions sought civil remedies beyond the relief available under N.D.C.C. ch. 29–32.1. The court denied the motions based on res judicata and misuse of process. We affirm because the district court did not abuse its discretion and because this appeal is wholly without merit.

## III

[¶ 7] The district court's May 2014 order barred Holkesvig from filing any further motions or pleadings in these cases and relieved the State from responding to any further motions. In *Holkesvig v. Grove*, 2014 ND 57, ¶¶ 17–18, 844 N.W.2d 557, we explained that the district court has the "inherent authority to stem the abuses of the judicial process" and that Holkesvig continued to engage in a "clear pattern of frivolous, repetitious litigation" in his multiple civil actions against various defendants.

[¶ 8] Generally, state trial courts "may take creative actions to discourage hyperactive litigators so long as some access to courts is allowed such as by limiting the amount of filings a litigant may make and prescribing conditions precedent to those filings." 42 Am. Jur. 2d *Injunctions* § 181 (2010). "A party seeking an injunction against another's litigation must make a detailed showing of a pattern of abusive and frivolous litigation, and the court must not issue a more comprehensive injunction than is necessary." *Id.* We also note courts in other jurisdictions have approved "limited" orders barring criminal defendants from further submissions to the court. *See, e.g., Roberts v. State*, 149 So.3d 733, 735 (Fla.Dist.Ct.App.2014) (ordering

defendant to show good cause why he should not be prohibited from filing further pro se pleadings in that court concerning his conviction· and sentence imposed); *Cardwell v. Commonwealth*, 354 S.W.3d 582, 585 (Ky.Ct.App.2011) (dismissing appeal as frivolous and directing circuit court to deny all defendant's future requests for *in forma pauperis* status filed to pursue subsequent collateral attacks on his conviction); *see also State v. Casteel*, 247 Wis.2d 451, 634 N.W.2d 338, 344 (Ct. App.2001) (barring defendant from further submissions to appellate court without specific affirmations; order drafted narrowly to strike balance between defendant's access to courts, taxpayers' right not to have frivolous litigation become unwarranted drain on their resources, and public interest in maintaining the judicial system's integrity).

[¶ 9]   Chapter 29–32.1, N.D.C.C., governs postconviction relief proceedings and provides the district court the specific authority to dismiss sua sponte frivolous postconviction relief applications.   Under N.D.C.C. § 29–32.1–09(1), "[t]he court, on its own motion, may enter a judgment denying a meritless application on any and all issues raised in the application before any response by the state."   This subsection further states the court may "summarily deny a second or successive application for similar relief on behalf of the same applicant and may summarily deny any application when the issues raised in the application have previously been decided by the appellate court in the same case." *See* N.D.C.C. § 29–32.1–12 (providing affirmative defenses of res judicata and misuse of process); *see also* N.D.C.C. § 29–32.1–01(2) ("Except as provided in subsection 3, an application ... must be filed within two years of the date the conviction becomes final.").

[¶ 10]   Here, Holkesvig sought and was denied postconviction relief regarding his criminal offense, and this Court summarily affirmed on appeal. *See Holkesvig*, 2013 ND 1, ¶ 2, 828 N.W.2d 546.   In barring Holkesvig from further filings in his criminal cases, the district court found Holkesvig's pleadings were repetitive, excessive and cumbersome, and ordered in part:

"1.   The defendant can, of course, pursue his right to appeal to the Supreme Court as provided by the North Dakota Rules of Appellate Procedure, *but he is not to file any further motions or pleadings in these cases at the District Court level.   The Grand Forks County Clerk of Court has the right to refuse to file documents.*   All issues are resolved unless the cases are remanded to the District Court in the future by the Supreme Court.

"2.   The plaintiff is specifically advised that it is relieved from any obligation to respond to any further motions filed in District Court, unless the District Court reviews the motion, determines it has merit and, in writing, requests a response."

(Emphasis added.)

[¶ 11]   While the district court has entered similar orders to enjoin Holkesvig's voluminous filings in his other frivolous civil actions, the court's order entered in his criminal cases allows the clerk of court to refuse any filings·and, thus, appears to limit the statutory provisions allowing for postconviction relief.   As discussed, N.D.C.C. ch. 29–32.1 provides the district court with authority to dispose of multiple, frivolous postconviction relief applications. We, therefore, modify the district court's order .to comport with N.D.C.C. ch. 29–32.1 as follows: (1) Holkesvig can pursue

his right to appeal to the North Dakota Supreme Court as provided by the North Dakota Rules of Appellate Procedure, but he may not file any further motions or pleadings in Case Nos. 18–08–K–417 and 18–08–K–714 at the district court level, except after seeking and receiving approval of the presiding judge of the Northeast Central Judicial District or his designee to file a proper application under N.D.C.C. § 29–32.1–04 where Holkesvig succinctly and concisely establishes an exception to the statute of limitation under N.D.C.C. § 29–32.1–01(3) and is not subject to summary disposition under N.D.C.C. § 29–32.1–09.(2) The State is relieved from any obligation to respond to any further motions or pleadings filed in District Court in these cases, unless the District Court reviews the motion or pleading, determines it has merit and, in writing, permits Holkesvig's filing and requests a response.

[¶ 12]   We affirm the district court's order as modified.

### IV

[¶ 13]   The district court's order denying Holkesvig's postjudgment motions is affirmed.  The order enjoining Holkesvig from filing any further motions or pleadings in these criminal case is modified and affirmed.

[¶ 14]   LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.

DALE V. SANDSTROM, Acting C.J., concurs in the result.

[¶ 15]   The Honorable GERALD W. VANDE WALLE, C.J., disqualified himself subsequent to oral argument and did not participate in this decision.