IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CHAD MERCER,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5147

Opinion filed May 16, 2017.

An appeal from the Circuit Court for Bay County.
Michael C. Overstreet, Judge.

Andy Thomas, Public Defender, and M.J. Lord, Assistant Public Defender,
Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Daniel Krumbholz, Assistant Attorney
General, Tallahassee, for Appellee.


ROWE, J.

     Appellant, Chad Mercer, raises several challenges to his convictions and
sentences for manslaughter, aggravated battery, and felony battery. We affirm, but
write to address Mercer's claim that his convictions for aggravated battery and
manslaughter of the same victim violate the prohibition against double jeopardy.

## I. Facts

On the night of October 17, 2014, a group of young people, including Mercer, gathered in a wooded area around a bonfire. A group of older men—Jackie McClendon, Scott Parker, and Danny Mayo—came across the group of young people while mud bogging in the woods. Some of the young men wanted to confront and fight the older men. As the young men, including Jay Green, approached the older group, Mercer joined them. Green struck McClendon and McClendon fell to the ground. Mercer struck Parker and Parker also fell. Green bragged that he had knocked McClendon out with one punch. Mercer then ran up to McClendon and kicked him in the head. Witnesses described the kick as forceful, like kicking a football. McClendon was pronounced dead at the scene. Mercer was charged with felony battery of Parker, aggravated battery of Mayo, and both manslaughter and aggravated battery of McClendon. On the charges relating to McClendon, the jury was instructed that Mercer could be convicted either directly or as a principal.

At trial, the medical experts could not state with certainty whether the kick, the punch, or a combination of the two caused McClendon's death, but they opined that there was a greater likelihood that the kick contributed to the death if McClendon showed signs of life after the punch. There was conflicting testimony as to whether McClendon showed signs of life, but Mayo, who was McClendon's son, testified that he saw his father looking at him and attempting to move in the

2

moments between the punch and the kick. Further, Mercer stated during a police interview that McClendon was still breathing and had his eyes open before Mercer kicked him. The jury acquitted Mercer of the aggravated battery of Mayo, but convicted him of the remaining counts.

At sentencing, the defense argued Mercer should not be adjudicated guilty of the aggravated battery of McClendon because it was a lesser included offense of manslaughter and involved the same victim. The court agreed that the two offenses violated double jeopardy, but concluded, based on Terranova v. State, 937 So. 2d 286 (Fla. 4th DCA 2006), that it would be proper to adjudicate Mercer guilty of both offenses and merely withhold sentencing on the aggravated battery conviction. On appeal, Mercer raises several arguments, including a claim that the court improperly adjudicated him guilty of both aggravated battery and manslaughter as to McClendon. We conclude that because there was sufficient evidence at trial from which the jury could have convicted Mercer of both offenses based on distinct acts— Green's punch and Mercer's kick—the dual convictions for aggravated battery and manslaughter do not violate double jeopardy.[*]

---

[*] Had the trial court been correct in determining that the two offenses violated double jeopardy, its decision to withhold sentence on aggravated battery but adjudicate Mercer guilty of both offenses would have been error. See, e.g., State v. Tuttle, 177 So. 3d 1246, 1250 (Fla. 2015) (explaining that dual convictions for overlapping crimes "would violate double jeopardy even if no greater sentence was imposed as a result of conviction for both crimes because a conviction itself results in potential adverse collateral consequences")

## II. Analysis

Mercer bears the burden on appeal to demonstrate that his dual convictions violate double jeopardy. See Sprouse v. State, 208 So. 3d 785, 787 (Fla. 1st DCA 2016); Edwards v. State, 139 So. 3d 981, 983 (Fla. 1st DCA 2014). The double jeopardy analysis proceeds in three steps. State v. Paul, 934 So. 2d 1167, 1172-73 (Fla. 2006). We examine (1) whether the convictions were based on an act or acts occurring during the same criminal transaction and/or episode; (2) whether the convictions were predicated on the same or distinct acts; and (3) if the convictions did not occur during separate episodes and were not based on distinct acts, whether the two convictions "survive a same elements test as defined by section 775.021, Florida Statutes, [(2014)], commonly referred to as the Blockburger analysis." Partch v. State, 43 So. 3d 758, 760 (Fla. 1st DCA 2010) (citing Blockburger v. United States, 284 U.S. 299 (1932)).

Here, because the punch and kick were upon the same victim, occurred at the same location, and both occurred during the course of approximately one minute, we find that the two acts were part of a single criminal episode. See Paul, 934 So. 2d at 1173. However, viewing the evidence in the light most favorable to the jury's verdict, we conclude there was sufficient evidence of two distinct acts from which the jury could have convicted Mercer of both offenses. Evidence adduced at trial showed that Mercer joined in with the younger group of people and agreed to

4

participate in the attack on the older men. There was sufficient evidence from which the jury could find he was a principal to aggravated battery, through Green's punch of the victim. Further, while there was conflicting evidence as to whether McClendon showed signs of life after the punch, there was sufficient evidence from which the jury could find that McClendon was alive when he was kicked and that the kick contributed to his death. Thus, the evidence supports Mercer's conviction for manslaughter based on the kick. Where, as here, the evidence supports convictions for two offenses based on distinct acts, it is not necessary to examine whether they would survive a same elements test under Blockburger. See Partch, 43 So. 3d at 762 (explaining that where dual convictions are based on distinct acts, it is unnecessary to apply the same elements test). In sum, because there was evidence from which the jury could find Mercer guilty of aggravated battery based on the punch and of manslaughter based on the kick, the dual convictions do not violate double jeopardy.

And because Mercer's dual convictions do not violate double jeopardy, the trial court erred in failing to impose sentence on the aggravated battery conviction. However, the State did not cross-appeal the court's imposition of sentence and this issue is not preserved for our review. Accordingly, we AFFIRM Mercer's judgment and sentence.

LEWIS and KELSEY, JJ., CONCUR.

5