Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 17

State of North Dakota, Plaintiff and Appellee

v.

Randy Holkesvig, Defendant and Appellant

Nos. 20170266 & 20170267

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Donald Hager, Judge.

DISMISSED.

Opinion of the Court by McEvers, Justice.

Haley L. Wamstad, Assistant State’s Attorney, Grand Forks, N.D., for plaintiff and appellee; on brief.

Randy Holkesvig, Fargo, N.D., defendant and appellant; on brief,

State v. Holkesvig

Nos. 20170266 & 20170267

McEvers, Justice.

[¶1] 
Randy Holkesvig appeals from an order denying him leave to file an application for postconviction relief.  We dismiss the appeal. 

I

[¶2] Because of Holkesvig’s multiple and frivolous filings, this Court in 
State v. Holkesvig
, 2015 ND 105, ¶ 11, 862 N.W.2d 531, ordered that Holkesvig could not file any motions or pleadings related to his 2008 criminal proceedings without first obtaining leave of court:

Holkesvig can pursue his right to appeal to the North Dakota Supreme Court as provided by the North Dakota Rules of Appellate Procedure, but he may not file any further motions or pleadings in Case Nos. 18-

08-K-417 and 18-08-K-714 at the district court level, except after seeking and receiving approval of the presiding judge of the Northeast Central Judicial District or his designee to file a proper application under N.D.C.C. § 29-32.1-04 where Holkesvig succinctly and concisely establishes an exception to the statute of limitation under N.D.C.C. § 29-32.1-01(3) and is not subject to summary disposition under N.D.C.C. § 29-32.1-09(2).

[¶3] In May 2017, Holkesvig filed a 511-page application for postconviction relief.  The district court denied his motion for leave to file the application because it failed to “succinctly and concisely” establish an exception to the statute of limitation in N.D.C.C. ch. 29-32.1.  The court also stated “[t]he Defendant is advised that he has a right to appeal this Order to the North Dakota Supreme Court as provided by the North Dakota Rules of Appellate Procedure.”

II

[¶4] An order denying a previously enjoined defendant leave of court to file papers is not an appealable order because it merely denies him the approval required to file and does not affect a substantial right.  
See
 
Everett v. State
, 2017 ND 111, ¶¶ 4-5, 893 N.W.2d 506; 
Everett v. State
, 2017 ND 93, ¶¶ 10-13, 892 N.W.2d 898.  Although the district court stated Holkesvig “has a right to appeal” to this Court, we interpret the court’s statement as a recitation of language contained in the court’s original injunctive order in 
Holkesvig
, 2015 ND 105, ¶ 10, 862 N.W.2d 531.  Orders enjoining future litigation are appealable. 
See
 
Matter of Amelia Hirsch Trust
, 2017 ND 291, ¶ 8, and cases collected therein.  Holkesvig exercised his right to appeal from the injunctive order, and we affirmed the order as modified to comport with N.D.C.C. ch. 29-32.l.  
See
 
Holkesvig
, at ¶ 1.  The right to appeal is purely statutory, 
see, e.g.
, 
State v. Brendel
, 2016 ND 230, ¶ 4, 887 N.W.2d 316, and cannot be conferred by an erroneous statement in a district court order.

III

[¶5] The appeal is dismissed. 

[¶6] Lisa Fair McEvers, A.C.

William A. Neumann, S.J.

Carol Ronning Kapsner, S.J.

Daniel J. Crothers

Jerod E. Tufte

[¶7] The Honorable William A. Neumann, S.J., and the Honorable Carol Ronning Kapsner, S.J., sitting in place of VandeWalle, C.J., and Jensen, J., disqualified.